Ruffin, Judge.
 

 It is proper, that the boundaries of actions should not be confounded j but that for every wrong the appropriate remedy should be pursued. An action of - trespass lies for all injuries, of which forro is the immediate cause, and for which the Defendant cannot produce a justification. If one person cause another
 
 *371
 
 ío be arrested without process, it is a trespass and false imprisonment. So if he arrest him upon process that is void in itself, or is issued by a Court or magistrate having no jurisdiction. An action for malicious prosecution, on the other hand, is a special action on the case, for the abuse of the process of law, from malicious motives. It presupposes valid process, and case is given because trespass will not lie. It is given against the party suing it out, because the hand which executes the process is justified by it, and is not guilty of a trespass. There being no other remedy, this special action is provided.
 

 In the case
 
 before
 
 us, the propriety of this rule is made very manifest. The charge in the warrant is for a mere civil injury, of which a Justice of the Peace has no jurisdiction. It constitutes no crime. But every fact alleged in the warrant is fully proved. That did not justify
 
 Greenlee
 
 in taking it out; because admitting the facts to be true, the magistrate could not take cognizance of the case, since it ivas not an indictable offence, nor a private wrong which he could redress. The prosecutor, magistrate and Sheriff were, therefore, all guilty of a trespass. But. how can malicious prosecution lie ? That can only be sustained, where the party has been lawfully arrested, and where the prosecutor had no probable cause to believe the party guilty of the acts charged to him. Now every fact charged here was proved. If that does not constitute probable cause, nothing can. It is true, they do not constitute probable cause to think that
 
 Allen
 
 was guilty of a
 
 crime ;
 
 but no crime is charged, and they do make probable cause to think, that lie did the.
 
 acts
 
 charged, since it is in proof that he, in fact, did them. The Judge confounded two distinct principles, when in order to maintain this suit, for what appears to have been insulting and oppressive conduct on the part of the Defendant, he told the jury, that there was no probable cause. There was full proof. Had the action been trespass, he would have been per
 
 *372
 
 fectly right in saying, the evidence proved no justification. This action cannot be maintained: and there ' must be a new trial.
 

 Per Curiam. — Let the judgment of the Court below be reversed.