Daniel, J.
 

 Where one unintentionally does'an act with force, which produces an immediate injury,-the person injured may bring an action of
 
 trespass,
 
 or he may bring an action
 
 cn the case.
 
 If he brings
 
 case,
 
 he declares upon the
 
 negligence
 
 or
 
 carelessness
 
 of the defendant in managing the Ihing, which has produced the injury; as that he so negligently and carelessly drove his coach, used his gun, rode his horse, steered his ship &e., that the plaintiff or his property was struck and hit, and was injured in-consequence of such carelessness. In such an action, upon the case, the plaintiff may recover, not only for the immediate injury, but for all other injuries flowing from and out of it. But when the forcible act .is done
 
 wilfully,
 
 negligence is of course negatived, and then trespass is the only remedy for the immediate injury.
 
 Moreton
 
 v
 
 Harden.
 
 10 Eng. C. L. R. 316.
 
 Williams
 
 v
 
 Holland,
 
 25 Eng. C. L. R. 50.
 
 Lloyd
 
 v
 
 Need um,
 
 11 Price 608. 10 Wendall 324. If trespass be brought, damages for all ulterior injuries, beyond the immediate injury, can be recovered only under a
 
 per quod,
 
 on being specially stated in the declaration. Chitty’s Plead. 442.
 
 Lindon
 
 v
 
 Hooper,
 
 Peake’s Rep. 63. Cowper 418. Judge Blackstone says that every action of trespass with a
 
 per quod
 
 includes an action on the case.
 
 Scott
 
 v
 
 Shepperd, 2
 
 Black. Rep. 897. The plaintiff contends that, inasmuch as the-damages now sought to be recovered (for the loss of the crop) would not have been recovered, if she had brought trespass, but under a
 
 per quod
 
 in her declaration, she is
 
 *208
 
 n0w entitled to waive the damages for the wilful taking of s^aves) an<^ recover in this action on the case for the loss of the crop, as a consequential damage. We answer that j-j-jq declaration must of necessity state the forcible and wilful taking of the slaves; the immediate injury, therefore, cannot be redressed in an action on the case. And it seems to ns that all the subsequent injuries, resulting from this wilful act, are as links in the same chain, or branches from the same stem; and if the immediate injury cannot be redressed in this action, none of the incidental injuries can be. When Judge Blackstone made the above remark, he referred to the case of
 
 Bourden
 
 v
 
 Allaway,
 
 11 Mod. 180. That was an action on the case, for procuring the plaintiff to be arrested and carried to prison without a just cause. The case in Modem is very loosely reported; it was, however, an action on the
 
 case,
 
 and if the process issued from a court having jurisdiction, and the defendant maliciously caused it to be issued, then
 
 case
 
 was the only remedy: but if the court which issued the process, had no jurisdiction, then we hold that the plaintiff must bring trespass.
 
 Allen
 
 v
 
 Greenlee,
 
 2 Dev. 370. As the action was in case, upon an injury proper for that action, the observations made by the court were correct, that the plaintiff might skip over the immediate injury, and recover for any other injuries which followed and were consequent upon the immediate injury. And we think that Judge Blackstoive meant no more than this, when he made the remark referred to. The case of
 
 Pitts
 
 v
 
 Gaince,
 
 1 Salk. 10, was an action on the case by the captain of a ship for the injury which he had sustained as
 
 master.
 
 He was not the owner of the ship, which the defendant had wilfully seized; he did not declare upon his possession as bailee, but only for the injury, which he had sustained as captain in consequence of the breaking up of the voyage.' That case, therefore, is not one that supports the declaration in this case. In
 
 Wilson
 
 v
 
 Smith,
 
 10 Wendall 328, the court say, that in trespass all the consequential damages may be recovered under a
 
 per quod,
 
 so that there is no necessity for departing from the appropriate form of action.
 
 *209
 
 We think that all the authorities are against the plaintiff, and that the judgment must be affirmed.
 

 Per Curiam, Judgment affirmed.