STATE v. RICHARD WILLIAMSON.

*Indictment, form of— Venue.*

1. Laws conferring, withdrawing or limiting jurisdiction over pre-existing common law offences do not become a constituent part of the offences to which they apply ; and *hence,* indictments therefor need not conclude against the form of the statute.
2. A failure to lay the venue properly is not fatal to an indictment, and, *a fortiori,* it will not avail to vitiate a justice's warrant.

CRIMINAL ACTION tried at April Term, 1879, of NEW-HANOVER Criminal court, before *Meares, J.*

The case states: The prosecutor, Simon Richardson, a constable, obtained a warrant against the defendant for assault and battery which was tried before a justice of the peace. The defendant was adjudged to be guilty and fined, and from the judgment he appealed to said court, moved to quash the proceedings upon the ground, first, because the act of assembly (1879, ch. 92,) conferring final jurisdiction upon justices of the peace in cases of assault and battery creates a statutory offence, and that therefore the warrant ought to have concluded against the form of the statute and the peace and dignity of the state, which it does not do ; and secondly, that the warrant does not charge that the offence was committed in New Hanover county. The motion was overruled.

It was proved on the trial that the defendant was in charge of a bar room kept by one Mary Williamson, when the prosecutor entered to arrest an individual who was supposed to be in the bar room, or in an adjoining room, where a large number of persons were engaged in dancing. The prosecutor swore that he showed the warrant for the arrest of the person for whom he was searching, and that he was ordered out of the bar room and finally pushed out of it by the de-

fendant. The jury returned a verdict of guilty, and the defendant moved in arrest of judgment upon the grounds above stated. Motion denied. Judgment, appeal by defendant.

*Attorney General*, for the State.
No counsel in this court for the defendant.

SMITH, C. J. The defendant was arrested on a warrant issued by a justice of the peace of New Hanover county upon the affidavit of Simon Williamson, a constable, in which he is charged with committing an assault upon the person of the prosecutor while in the execution of his official duties. On the trial of the charge before the justice he was found guilty and adjudged to pay a fine of five dollars and costs, and appealed to the criminal court of New Hanover. The defendant there moved to quash the proceedings, and the motion being denied he pleaded not guilty. The jury rendered a verdict of guilty.

The motion to quash was made on the ground that the act of Feb. 28th, 1879, acts of 1879, ch. 92, conferring jurisdiction on justices, modifies or affects the offence, and the warrant should have concluded against the statute; and for the further reason that the offence is not alleged to have been committed in New Hanover county. The motion to quash as well as its renewal in arrest of judgment for these assigned defects, were properly overruled.

Laws conferring, withdrawing or limiting jurisdiction do not enter into and become a constituent part of the offences to which they apply.

An assault and battery is an offence at common law, and though the absent words, if supplied, would not have vitiated the warrant, they were needless and superfluous.

The want of an averment of a proper and perfect venue is not fatal to a bill of indictment where much greater strict-

ness is required than in forms used before a justice, and still less should be deemed essential to the sufficiency of a warrant.

On the trial before the jury it was in evidence that the prosecutor had in his hands an order for the arrest of a certain person whom he believed to be in the bar room, or in the one adjoining in which many persons were engaged in dancing, of which rooms the defendant had control, and the precept was shown him; that the prosecutor was thereupon ordered away and violently pushed out of the room by the defendant

No exception is taken to the evidence, nor does it appear whether the person mentioned in the order of arrest was in the dance-room, nor what reasons the prosecutor had for expecting to find him at the place. No exception is taken to the evidence nor to its sufficiency to authorize conviction, nor are any facts stated to excuse or justify the defendant in his forcible and summary expulsion of the officer, whose business was fully understood, from the premises. If any such existed it was the duty of the appellant to give them. in evidence and have them set out in the record with his exception to the rulings of the court in reference thereto. This is not done and as no error to the defendant's prejudice is shown, the judgment must be affirmed.

PER CURIAM.　　　　　　　　　　　　　　　　No error.