STATE v. JOHN MILLER.

*Practice; motion to quash—Jurisdiction; consent or waiver does not confer— Overseer of Road; indictment of— The Code* §§ 1054, 2022.

1. Ordinarily, a motion by the *defendant* to quash an indictment, must be made before the plea of not guilty, or it will not be allowed; but the Court may, in its discretion, allow the motion after the plea of not guilty.

2. A motion to quash may be made by the *State*, at any time before the defendant has been actually tried upon the indictment.

3. The point that the Court has not jurisdiction may be made at any time by mere suggestion, or by motion to quash; or the Court, *ex mero motu*, may take notice of it.

4. Neither consent nor waiver can confer jurisdiction, and the Court will not proceed, when it appears from the record that it has no authority.

5. An indictment under § 1054, of *The Code,* for neglecting the duties imposed by law upon an overseer of the road, is fatally defective, if it fail to charge that defendant "*wilfully neglected,*" &c.

6. Under said section, it is not necessary to specially charge in the indictment, that "it became, and was the duty" of the overseer to repair the road. But such a charge is necessary, when the indictment is for a violation of a *private statute,* making it the duty of a particular person, or several persons, to repair a particular road.

7. An indictment against a road overseer for neglecting to keep his road in repair, which does not charge a willful neglect, cannot be supported under § 2022, of *The Code.*

INDICTMENT for neglect of duty as overseer of a public road, tried before *Clark, J.,* and a jury, at November Term, 1887, of ROWAN Superior Court.

The indictment was quashed, on motion of the defendant, and the State appealed.

The facts appear in the opinion.

*Attorney General,* for the State.

No counsel for the defendant.

MERRIMON, J. The indictment charges, properly, that for a long while a specific part of a public road in the County of Rowan was in a ruinous condition, and greatly out of repair, &c., and it further charges, "that, during all the said time, John Miller was overseer of the said highway, from the corporation line of Salisbury to the township line of Salisbury Township, a distance of some three or four miles, the same constituting his section of said road, and then and there did unlawfully and negligently omit to mend and repair the said highway embracing his section, as aforesaid, contrary to the form of the statute in such cases, made and provided, and against the peace and dignity of the State."

It appears, from the case settled on appeal, that " after the jury was empaneled, and a plea of not guilty entered, on motion of the State, a juror was withdrawn, and mistrial ordered. The counsel for the defendant then moved to quash the indictment, on the grounds: First, because it failed to allege the act as wilfully done; second, because the bill fails to allege that it was the duty of the overseer to work the road.

The Court, after argument, adjudged that the motion be allowed; the bill was quashed, and the defendant was discharged. From this judgment, the State appealed to this Court.

Generally and ordinarily, a motion to quash the indictment made by the defendant, should not be allowed, if made after the plea of not guilty, but such motion, on the part of the State, may be allowed at any time before the defendant has been actually tried upon the indictment. It seems, however, that the Court has authority, to be exercised in its discretion, to allow the motion to be made by the defendant after his plea of not guilty, and there are cases in which such motion should be allowed at any time, as when it appears from the indictment that the Court has not jurisdiction. This objection may, be taken by mere suggestion, or by motion, or the Court may, *ex mero motu*, take notice of it. Neither consent nor waiver can give jurisdiction, and the Court will not proceed when it appears from the record that it has no authority. *State* v. *Eason*, 70 N. C., 88; *State* v. *Benthall*, 82 N. C., 664; Arch. Cr. Pr., 62.

The defendant is indicted as overseer of a public road, for a violation of the statute, (*The Code*, § 1054,) which provides that: "Every overseer of a road, who shall *wilfully neglect* any of the duties imposed on him by law, shall be guilty of a misdemeanor." An essential element of the offence thus prescribed and defined, is, that the neglect shall be wilful, that is, not such neglect as is simply unlawful, but such as is aggravated by an obstinate, a stubborn, perverse disposition of the offender not to discharge his duties as over-

seer, but to *wilfully* neglect to discharge the same; as, for example, such disposition not to repair the road when it is out of repair and in a ruinous condition, and he knows of this, or ought to know of it, and make necessary repairs within his power. The road is in a lawful condition when it is in a proper state of repair, in all material respects. It might be out of repair, and thus in an unlawful condition, and the overseer could not, under the circumstances, by reasonable diligence, promptly repair it, as in case of a road rendered out of repair by a protracted rain fall in mid winter, as sometimes happens. In such case, the overseer would not be indictable.

The term, "wilfully," was not of the statute, just recited, until the enactment of *The Code*, and it seems to have been inserted there on purpose to add an additional essential feature to the offence, as indicated above. Mere neglect of an overseer of a road, to discharge the duties imposed on him by law, is not *wilful*, in the sense of the present statute, as it was in the one formerly prevailing. Hence, it is necessary now to charge in the indictment that the overseer did "*wilfully* neglect," &c., else, for the reasons stated, no offence will be charged.

It is not necessary, in a case like the present one, to charge specially that "it became and was the duty" of the overseer to repair the road, because the general law makes it his duty to repair it.

It is otherwise, when the duty of a particular person, or of several persons, to repair a particular road, is imposed by a private statute. In such case, it is necessary to charge that "it became and was the duty," &c., of the persons charged in the indictment. *State* v. *McDowell*, 84 N. C., 798.

The Attorney General suggested, on the argument, that the indictment might be upheld as sufficient under the statute (*The Code*, § 2022,) which provides that, "if any overseer shall fail to discharge any one of the duties imposed by

this chapter, he shall be guilty of a misdemeanor," &c. The chapter referred to prescribes, particularly, numerous duties to be discharged by overseers, and the clause of it just recited has reference to a *failure* to discharge such particular duties. This chapter does not prescribe particularly that overseers shall keep their respective roads in proper repair, though this is, in effect, contemplated by it. The general law determines what proper repair shall be, except in particular respects regulated and prescribed by statute. No doubt, however, an overseer might be indicted and convicted if he should "wilfully neglect" to discharge any of the duties prescribed by the chapter referred to above.

We are, therefore, of opinion, that the indictment was properly quashed, and that the judgment should be affirmed.

No error.