STATE v. F. M. DAVIS, Jr.

*Retail of Spirituous Liquors— Town Ordinances— Warrant— Affidavit—Amendment.*

1. An affidavit, upon which was issued a warrant for retailing spirituous liquors, issued and heard by the mayor of an incorporated town, charged the defendant with unlawfully and wilfully violating a town ordinance at a time and place named, and setting forth the facts of his being a druggist and selling liquor not as medicine, was amended so as to show the person to whom the liquor was sold, and was, upon appeal to the Superior Court, amended so as to charge an offence under section 4, chapter 215, Laws of 1887, forbidding druggists to sell liquors except for medicine and upon prescription of a physician: *Held*, no error.

2. The affidavit and warrant in contemplation of law are one, if one is referred to by the other.

3. The officer arresting could not refuse to act because an offence was charged informally or defectively, and another offence intended, which, in contemplation of the law, did not exist.

4. The prisoner having been arrested and being before the Court, and it appearing that an offence had been committed, though imperfectly charged, the Court had the discretion to amend and proceed to try him, or to commit him to await his trial upon indictment found.

INDICTMENT, tried on appeal from the Mayor of Clyde, at Spring Term, 1892, of the Superior Court of HAYWOOD COUNTY, before *Hoke, J.*

The original affidavit and warrant charged the defendant and others with violating a town ordinance forbidding the sale of spirituous liquors in the town of Clyde, which ordinance prescribed that a penalty of $25 should be paid for such sales. On appeal the Judge held that the affidavit in its original form showed that a criminal offence, created by a statute embodied in the charter—the substance of which is quoted in the opinion—had been committed, and in the exercise of his discretion, allowed the affidavit and warrant to be amended so as to charge that offence instead of the violation of the town ordinance. The statute referred to (ch. 187 Laws 1889) provided that the punishment should not exceed a fine of $50 or imprisonment for thirty days.

The original affidavit was as follows:

*"Before J. W. Morgan, Mayor:*

" D. C. Clark, being duly sworn, complains and says, that and in said county, and in the town of Clyde, on or about the 12th day of January, 1892, Francis M. Davis and A. J. Davis did unlawfully and wilfully violate an ordinance of the town of Clyde, to-wit, Ordinance No. 79, Article Section 79, by unlawfully and wilfully selling spirituous liquors to one J. J. Bowers, as affiant is informed and believes, the said spirituous liquors not being sold as a medicine, and the said defendants being then and there druggists, contrary to the said ordinance, against the statute in such case made and provided, and against the peace and dignity of the said town and State.                    D. C. CLARK."

" Sworn to and subscribed before me this 28th day of January, 1892.                              J. W. MORGAN,
                                                     *Mayor."*

The warrant was as follows:

---

STATE *v.* DAVIS.

---

" *To any Constable or other lawful officer of the town of Clyde—*
    GREETING:

D. C. Clark having made and subscribed before me the
foregoing affidavit, you are hereby commanded forthwith to
arrest the said Francis M. Davis, and A. J. Davis and safely
them keep so that you have them before me without delay
at my office in Clyde, to answer the above charge and to be
dealt with as the law directs.

Given under my hand and seal this 28th day of January,
1892.	J. W. MORGAN,  [SEAL.]
    *Mayor of Clyde.*"

The amended affidavit was as follows:

"D. C. Clark, being duly sworn, complains and says, that at
and in said county, and in the town of Clyde, in the county
of Haywood, on or about the 12th day of January, 1892,
Francis M. Davis and A. J. Davis did unlawfully and wil-
fully sell spirituous liquors in the town of Clyde to one J. J.
Bowers, as affiant is informed and believes, the said spirituous
liquors not being sold as a medicine, and the said defendants
being then and there druggists, said liquors not being sold
by druggists strictly for medical purposes and not on a *bona
fide* prescription by a legal practicing physician, contrary to
the form of the statute in such case made and provided.
    D. C. CLARK."

*The Attorney General*, for the State.
*Mr. G. S. Ferguson* (by brief), for defendant.

AVERY, J.: Upon affidavit setting forth that the defendants
had been guilty at and in the town of Clyde, in the county
of Haywood, on or about the 12th of January, 1892, of
"unlawfully and wilfully selling spirituous liquors to one
J. J. Burns, the said spirituous liquors not being sold as a
medicine, and the said defendants being then and there drug-

gists," the defendant had been arrested and tried before the Mayor of Clyde on a charge embodied in said affidavit of violating a town ordinance, which declared it unlawful to sell spirituous liquors in said town. It is not material whether the charge of which a Justice of the Peace has final jurisdiction is contained in the affidavit or warrant, if the affidavit referred to the warrant, and thereby make the two instruments in contemplation of law but one. *State* v. *Sykes,* 104 N. C., 694. Treating as surplusage so much of the affidavit as charges the violation of an ordinance of the town forbidding the sale of spirituous liquors within the corporate limits, it still sufficiently appeared from the affidavit that the defendant had committed a criminal offence created by a public local statute (Laws of 1889, chapter 189, § 8), which made it "unlawful for any person to sell any spirituous, vinous or malt liquors within the corporate limits of the said town (Clyde), except by druggists strictly for medical purposes, and then only on *bona fide* prescription by some legal practicing physician," &c. It appearing from the affidavit that the defendants had been guilty of criminal conduct prohibited by the statute, the officer to whom the warrant was entrusted could not refuse to execute because the charge founded upon the information was informal or defective, but could justify such refusal only upon the ground that it was apparent upon the face of the process that the Mayor had no authority to issue it. The arrest having been lawfully made, it is too late, in the face of repeated adjudications of this Court, to question the power of the Judge below to amend generally in his discretion both the warrant and affidavit. *State* v. *Vaughan,* 91 N. C., 532; *State* v. *Crook, Ibid,* 536; *State* v. *Smith,* 103 N. C., 410; *State* v. *Sykes, supra.* There is no necessity, where the affidavit is amended, that it should be verified in its amended form. *State* v. *Norman,* 110 N. C., 484. The solemn formality of filing an affidavit and charging that the criminal law has been violated, was an essential

prerequisite to the issuing, or lawful execution of the warrant, but the arrest being already a fact accomplished in accordance with the prescribed constitutional method, neither the Constitution, nor the laws enacted in pursuance of it, made it incumbent on the Judge to dismiss the warrant because the ordinance was void, and discharge the defendant instead of holding him and amending the affidavit and warrant so as to charge another offence, of which it plainly appeared from the warrant that the defendants had been guilty, if the proof should sustain the affiant's information. Upon the original affidavit the Judge presiding could, in the exercise of a sound discretion, have dismissed the appeal, because the ordinance upon which the charge was founded was void, or he had the power to amend the affidavit and warrant so as to charge an offence growing out of the facts appearing from the affidavit and within the original jurisdiction of the Mayor, as he did, or he might have held the defendant in custody or under bail to await indictment upon the charge of violating section 3, chapter 215, of Laws of 1887, which provides that any druggist who shall sell any spirituous, vinous or malt liquors, except for *bona fide* medical purposes, and upon the prescription of a practicing physician, shall be fined and imprisoned at the discretion of the Court. *State* v. *Farmer*, 104 N. C., 887. True, had he adopted the third course, some question as to the costs previously incurred might have arisen, and we mention the general statute to show the sufficiency of the original affidavit to warrant the detention of the defendant in custody.

The defendant could not collaterally impeach the election of the officers of the town in order to bring in question the authority of the Mayor, who issued a criminal warrant and tried one accused of an offence within the jurisdiction of a Justice of the Peace. *State* v. *Cooper*, 101 N. C., 684. The acting Mayor, whose judicial authority and official character were recognized by the Court to which the record was certi-

fied, and by the constable and people of the town, was at least a *de facto* officer, and as such might lawfully take cognizance of any offence committed within the corporate limits, and which was within the jurisdiction of a Justice of the Peace. *State* v. *Powell,* 97 N. C., 417; *State* v. *Lewis,* 107 N. C., 967. It was not necessary, therefore, to have proved that the Mayor was elected in May last; it was sufficient to show that he was acting in that capacity, and that his official acts were acquiesced in. It would be presumed, nothing else appearing, that the provisions of the statute incorporating the town and the amendatory laws (Acts of 1889, chapter 189, and Acts of 1891, chapter 241), had been observed in so far as they provided the time and manner of holding elections for town officers.

We think that the Judge had the power to amend, and that there was no error in any of the rulings complained of.

No Error.