MACON BRYAN v. J. W. STEWART.

(Decided October 18, 1898).

*False Imprisonment—Order of Arrest.*

1. An order of arrest, under Section 292, of *The Code* is a judicial, and not a ministerial proceeding, in the issuance of which the Judge and the Clerk have concurrent jurisdiction.

2. Such order, although erroneously issued, would protect the defendant who procured it to be issued in an action *vi et armis* for false im-

prisonment simply—although it would not protect him in an action for malicious prosecution, where the want of probable cause, with malice, is alleged and shown.

ACTION for damages for false imprisonment tried before *Brown*, *J.*, at February Term, 1898, of the Superior Court of CRAVEN County.

The false imprisonment is alleged to have occurred in an action against the present plaintiff brought by the present defendant in which were stated two causes in the complaint; one a promissory note, the other for embezzlement of certain collateral securities originally lodged to secure the note, and which had been placed back in Bryan's hands for the purpose of collection and application to the note, but which, as alleged, Bryan collected and appropriated. There was no answer filed in that case, and the Court after giving judgment on the note found the facts as charged in regard to the embezzlement but entered no judgment thereon, and the case went off the docket. A *fieri facias* was issued by Stewart upon his judgment upon the note, and was returned *nulla bona*. He then applied to the Clerk for a warrant of arrest against Bryan, which was granted, and Bryan was arrested, but subsequently released under *Habeas Corpus* proceedings, it being held that the Clerk was not authorized to issue the warrant of arrest.

Bryan then brought the present action, which it was admitted is not for malicious prosecution nor for abuse of process, but an action for false imprisonment under illegal process. It was agreed below that the Court answer the first issue. "Did the defendant wrongfully and unlawfully cause the plaintiff to be arrested and be imprisoned under execution process in the case of J. W. Stewart v. Macon Bryan?" and that only the issue as to damages should be submitted to the jury.

The Court found the first issue for defendant, and

rendered judgment that he go without day, and recover his costs.    Plaintiff appealed.

Messrs. *Simmons, Pou & Ward* and *W. D. McIver*, for plaintiff (appellant).

Messrs. *W. W. Clark, O. H. Guion*, and *Shepherd & Busbee*, for defendant (appellee).

Furches, J.: · In 1896, the defendant Stewart brought an action against the plaintiff Bryan in Craven Superior Court.   The plaintiff Stewart in his complaint (in that action) declared on two causes of action; one, a promissory note, and the other, for embezzling money which Bryan had collected as the agent of Stewart.   This complaint was verified and filed at the return Term of Court, and no answer being filed or other defence made thereto, the Court gave judgment upon the note; and after giving judgment upon the note proceeded to find the facts alleged in the complaint constituting the embezzlement, but entered no judgment upon this cause of action, and the case went off the docket.

The plaintiff in that case (Stewart) caused a *fi fa* to be issued thereon against the defendant (Bryan) which was returned "*nulla bona*".   He then applied to the Clerk for a warrant of arrest which was granted, and the defendant (Bryan) was arrested thereon.

The defendant (Bryan) thereupon applied for relief in *habeas corpus* proceedings, which relief he obtained on appeal to this Court, as will more fully appear from the case as reported in 121 N. C., 46.   It is held in that case that the Clerk was not authorized to issue the warrant of arrest and the defendant Bryan was discharged, and this action is brought to recover damages for false imprisonment.

This action was tried at February Term, 1898, of Craven Superior Court upon the following facts which were agreed upon by counsel, and the further agreement of counsel which appears of record and which will hereafter be set forth.

Issues 1. "Did the defendant wrongfully and unlawfully cause the plaintiff to be arrested and imprisoned under execution process in the case of J. W. Stewart v. Macon Bryan?" Ans. "No."

2. "What actual damage has the plaintiff sustained by reason of such arrest and imprisonment?" Ans. "$850.00."

The following appears of record: "By consent of counsel it is agreed that only the issue of damages be submitted to the jury.

The defendant offered no evidence.

By consent it is agreed that the Court shall answer the first issue and determine the liability of the defendant. By consent it is also agreed that if the Court shall be of opinion that the defendant in any view of the evidence is liable, the Court shall give judgment for the amount assessed by the jury, and that if the Court shall be of the opinion that the defendant is not liable, the Court shall dismiss the action at the plaintiff's cost. Nothing herein contained shall be construed as abridging the right of the Court to set aside the verdict for excessive damages. By consent, G. H. Brown, Judge. Nothing herein contained shall affect the right of either party to appeal to the Supreme Court. G. H. Brown, Judge; L. J. Moore, W. D McIver; Simmons, Pou & Ward, attorneys for plaintiff. J. E. Shepherd, Clark & Guion: M. DeW. Stevenson, attorneys for defendant."

And in the statement of the case on appeal the following paragraph appears: "It is admitted that it is not

an action for malicious prosecution, nor for malicious abuse of process, but an action for false imprisonment under alleged illegal process."

At common law there were two actions for an illegal arrest—one was where there was no legal excuse or justification for making the arrest, as where it was made without legal process, or, if made under the form of legal process, where the same was absolutely void. This was an action of trespass *vi et armis.* The other was where the process was erroneous but not absolutely void. This was an action of trespass on the case, and was subject to the rules and requirements, as if it were an action for malicious prosecution. Bishop Non Contract Law, Section 211; *Corman Emerson,* 71 Fed. Rep., 264; Pollock on Torts, 148.

If the process is absolutely void, it will not protect the defendant who procured it to be issued, nor will it protect the officer making the arrest. But if the process is erroneously issued, but not void, it will protect the officer making the arrest. Murfree on Sheriffs, Section 929: Pollock, *supra.* And it will protect the defendant, who procured it to be issued, in an action *vi et armis* for false imprisonment. Though such process, erroneously issued, will not protect the party procuring it to be issued from an action on the case, in the nature of malicious prosecution, where the want of probable cause and malice is alleged and shown. Newell on Malicious Prosecution, 199 and 200; Pollock, *supra,* 148.

Under the present *Code* practice, we are of the opinion that what was formerly an action *vi et armis* and an action of trespass on the case, in the nature of false imprisonment, might be joined with each other in the same action, and declared on in the same complaint. But if this were done, still the allegation, on the case

in the nature of malicious prosecution, would have to be sustained by evidence of malice and, the want of probable cause, to entitle the plaintiff to recover.    But by the agreement of the parties, entered of record, the action of trespass on the case, in the nature of an action for malicious prosecution, is eliminated and taken entirely out of consideration in this case, and it is left to be considered as an action of trespass *vi et armis* for false imprisonment alone.    This being so, the correctness of the ruling of the Court below and the defendant's liability for damages depend upon the question as to whether the process, upon which the plaintiff was arrested, was void or only erroneous.    And this depends upon the fact as to whether the Clerk who issued it was acting in a judicial capacity, or simply in the discharge of a ministerial duty.    It would seem the Clerk in issuing the ordinary *fi. fa.* would be acting in his ministerial capacity, because the law requires him to do this without any application or request on the part of the plaintiff in the action.    And it is held in the case of *Jackson* v. *Buchanan*, 89 N. C., 72, that the issuance of an order for the seizure of property, in claim and delivery, is a ministerial act.    But this order is issued under Section 323 of *The Code*, which requires the Clerk to issue the order; while the order of arrest is obtained under Section 292 of *The Code*, and is in the following words: "An order for the arrest of the defendant must be obtained from the Court in which the action is brought, or from a Judge thereof."    Thus it is seen that the *Judge* and the Clerk have concurrent jurisdiction as to the issuance of an order of arrest, and it seems to us that this fact ought to settle the question.

Suppose this order of arrest had been issued by the

123—7

*Judge*, would it be contended that he was acting as a ministerial officer and performing a ministerial act? And yet the Judge and the Clerk have the same, concurrent, jurisdiction. The distinction between an order in claim and delivery and an order in arrest and bail, is clearly recognized by the Court in *Jackson* v. *Buchanan*, *supra*, on page 76.

That the Clerk, in issuing the order of arrest, was acting in his judicial capacity, is sustained in *Austin* v. *Vrooman*, 14 L. R. A., 145; Bishop, *supra*, Section 211. It is admitted that the Clerk had the right—the jurisdiction—to issue the process under which the plaintiff was arrested. And we are clearly of the opinion that in doing so, he acted in his judicial capacity, and not simply as a ministerial officer.

This being so, the *capias* under which the plaintiff was arrested was not void, although it was erroneous. *Tucker* v. *Davis*, 77 N. C., 330; *Carman* v. *Emerson*, *supra*; Pollock, *supra*, 148; Bishop, *supra*, Section 211. This process having been issued by a judicial officer, in the exercise of the judicial functions of his office, was not void (though erroneous) and was a justification for the plaintiff's arrest, in this action.

It was stated by counsel on the argument of the case that it is said in the opinion of the Court in *Stewart* v. *Bryan*, 121 N. C., 46, that the judgment, on which the warrant was issued, was void, and that the warrant of arrest was void. Upon reading that case with more care they will find that they are mistaken in making these statements, but that it is said in that opinion that the judgment on the note is regular and final, and that there was no judgment at all on the count for embezzlement, and, as the warrant of arrest was not authorized "that the defendant was illegally arrested." It is no-

where said in the opinion that the judgment was void, nor that the warrant of arrest was void.

The judgment below is affirmed.

Affirmed.