### ARTHUR YOUNG v. ANDREWS HARDWOOD COMPANY.

(Filed 27 January, 1931.)

**1. False Imprisonment A c—Affidavit in this case held not to charge any legal offense and warrant issued thereon was void.**

An affidavit charging the prisoner with having stolen goods in his possession "which plaintiff is fully satisfied was stolen" is not sufficient to make out a charge of receiving stolen goods knowing them to have been stolen, or of any legal offense, and a warrant issued thereon will be construed therewith, and such warrant is void.

**2. Malicious Prosecution A a—Malicious prosecution is founded upon valid legal process, and may not be maintained where process is void.**

Malicious prosecution is one founded upon valid legal process, maintained maliciously and without probable cause, and where the plaintiff in his civil action for damages has been arrested under an invalid warrant he may not maintain an action for malicious prosecution, his remedy being an action for false imprisonment.

**3. Malicious Prosecution A c—Plaintiff failed to rebut presumption of probable cause arising from finding of true bill and nonsuit was proper.**

In an action for damages for malicious prosecution the fact that the plaintiff was arrested upon the defendant's affidavit before a justice of the peace, bound over to the Superior Court where a true bill was found, establishes probable cause prima facie, subject to rebuttal, and where he introduces no evidence in rebuttal at the trial, a judgment as of nonsuit is properly entered.

Civil action, before *MacRae, Special Judge,* at September Term, 1930, of Clay.

The plaintiff alleged and offered evidence tending to show that he was a resident of Clay County, and that the defendant was a nonresident corporation engaged in the manufacture, cutting and removing of logs. In order to facilitate the operation of its business, the defendant maintained a general store or commissary where it sold groceries, shoes, clothing, and general merchandise to the general public and to its own employees. This commissary was broken into and various articles of merchandise stolen therefrom. Whereupon, the defendant, by its agent,

Wilhide, signed an affidavit before a justice of the peace named Moore, alleging that the defendant therein and two others "did unlawfully, wilfully and feloniously have in their possession certain goods which plaintiff is fully satisfied were stolen goods from said company's commissary," etc. The plaintiff asked for a removal before some other justice. Accordingly the case was removed to T. C. Melton, a justice of the peace, who bound the plaintiff over to the Superior Court. Thereafter the grand jury found a true bill against the defendant, but the case was continued "for lack of witnesses" at the May Term, 1929, and for a like reason at the September Term, 1929. Thereafter the solicitor took a *nol. pros.* with leave.

The plaintiff instituted this action for damages. The complaint is drawn solely and exclusively upon the theory of malicious prosecution. At the conclusion of plaintiff's evidence the trial judge sustained a motion of nonsuit, from which judgment plaintiff appealed.

*W. C. Wakefield and Don Witherspoon for plaintiff.*
*J. B. Gray for defendant.*

BROGDEN, J. (1) Was the warrant issued by the justice of the peace for the arrest of plaintiff void?

(2) Does an arrest by virtue of void process, nothing else appearing, support a suit for malicious prosecution?

The warrant and the affidavit must be construed together, and an inspection thereof will disclose that no crime known to the law of this State was charged in the affidavit. The possession of goods, "which plaintiff is fully satisfied were stolen goods from said company's commissary," does not charge a criminal offense. *S. v. Whitaker,* 89 N. C., 472; *Cooper v. R. R.,* 165 N. C., 578, 81 S. E., 761; *S. v. Shew,* 194 N. C., 690, 140 S. E., 621; *S. v. Barbee,* 197 N. C., 248, 148 S. E., 249.

The second question of law involves the distinction between actions for false arrest or imprisonment and malicious prosecution. Corpus Juris, Vol. 25, p. 444, draws the distinction as follows: "Put briefly, the essential difference between a wrongful detention for which malicious prosecution will lie, and one for which false imprisonment will lie, is that in the former the detention is malicious but under the due forms of law, whereas in the latter the detention is without color of legal authority." This Court adopted the same view of the law in *Rhodes v. Collins,* 198 N. C., 23, 150 S. E., 492. *Clarkson, J.,* said: "False imprisonment is based upon the deprivation of one's liberty without legal process, while malicious prosecution is for a prosecution founded upon legal process, but maintained maliciously and without probable cause."

The fact that the plaintiff was bound over to the Superior Court by a magistrate and that the grand jury thereafter returned a true bill establishes probable cause prima facie, although such is not conclusive. *Bowen v. Pollard,* 173 N. C., 129, 91 S. E., 711. Moreover, there is no evidence overthrowing or tending to overthrow the legal effect of the finding of the grand jury. Hence the ruling of the trial judge was correct.

Affirmed.