## JARROT K. PARRISH v. S. H. HEWITT.

(Filed 7 January, 1942.)

1. **Forgery § 4—**

Since forgery is the fraudulent making or altering of an instrument to the prejudice of another man's rights, a warrant charging that the payee of a check endorsed same and received the proceeds does not charge the crime of forgery, notwithstanding allegations that the endorsement was felonious and unlawful and that the payee failed to account to the prosecuting witness.

2. **Malicious Prosecution § 2—**

A warrant charging that the payee of a check unlawfully, willfully, and feloniously endorsed same and received the proceeds without the knowledge of the prosecuting witness and without accounting to him, does not charge any crime known to the law in this State, and therefore cannot be made the basis of an action for malicious prosecution, since malicious prosecution must be founded upon legal process maintained maliciously and without probable cause.

3. **Same—**

Plaintiff alleged that he was held to the Superior Court and imprisoned upon a warrant issued by a justice of the peace, and that the bill of indictment based on the charge in the warrant was returned not a true bill. *Held:* The warrant failing to charge a crime, plaintiff cannot contend that the bill of indictment will support his action for malicious prosecution, since it was not alleged, and could not have been alleged, that plaintiff was imprisoned by virtue of the bill of indictment which was returned not a true bill.

4. **False Imprisonment § 1—**

False imprisonment is the deprivation of one's liberty without legal process.

APPEAL by plaintiff from *Hamilton, Special Judge,* at April Term, 1941, of BLADEN.

This was an action for malicious prosecution and false imprisonment. The court sustained a demurrer *ore tenus* to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action in so far as malicious prosecution was alleged or attempted to be alleged, but allowed the case to proceed upon the allegations of false imprisonment and at the conclusion of the plaintiff's evidence sustained the defendant's motion for a judgment as in case of nonsuit.

The judgment of involuntary nonsuit was evidently entered upon the theory that the action was barred by the statute of limitation, since the

action was commenced on 8 April, 1940, and both the allegations and evidence were to the effect that the imprisonment of the plaintiff occurred on 3 January, 1939, for an act of the plaintiff which was alleged to have taken place on 29 September, 1938, and C. S., 443 (3), provides that an action for false imprisonment can only be commenced within one year. No exception is preserved to the action of the court in allowing the motion for involuntary nonsuit on the alleged cause of action for false imprisonment, and the appellant states in his brief that the "plaintiff wishes to prosecute this appeal only on the proposition that the complaint stated a cause of action for malicious prosecution and that his Honor erred in sustaining a demurrer to said complaint."

*McKinnon & Seawell for plaintiff, appellant.*
*S. B. Frink and Robert J. Hester for defendant, appellee.*

Schenck, J.    The sole question posed by this appeal is: Does the complaint state facts sufficient to constitute a cause of action for malicious prosecution?

The pertinent allegations of the complaint are "(5). That on or about the 29th day of November, 1938, the defendant swore out before L. H. Phelps, a Justice of the Peace in Brunswick County, a warrant, charging this plaintiff as follows: 'that at and in the said County of Brunswick, Lockwood Folly Township, on or about the 29th day of September, 1938, Jarrot K. Parrish, did unlawfully, willfully and feloniously endorse a check made to him without his knowledge or consent and receive the money for said check and failed to account to him for the funds received for the check, contrary to the form of the statute and against the peace and dignity of the State' "; that thereupon the defendant caused said warrant to be delivered to him, who in turn caused it to be delivered to the sheriff of Bladen County, and the plaintiff was brought to trial before the justice of the peace and bound to the Superior Court and imprisoned thereupon; that subsequently a bill of indictment based upon said warrant was returned by the grand jury "not a true bill"; and the plaintiff was released.

The warrant alleged to have been procured for the arrest and imprisonment of the plaintiff by the defendant falls far short of charging forgery which the appellant suggests in his brief it charged or sought to charge.    Forgery in criminal law is "The falsely making or materially altering, with intent to defraud, any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability." 2 Bish. Crim. Law, par. 523, Black's Law Dictionary (2d Ed.).    "Blackstone defines it as 'the fraudulent making or alteration of a writing to the prejudice of another man's right.'    (4 Bl., 247.)"    *S. v. Lamb,* 198

N. C., 423, 152 S. E., 154. The warrant and affidavit must be construed together, and an inspection thereof will disclose that no crime known to the law of this State was charged in the affidavit, and therefore the warrant issued by the justice of the peace and upon which the plaintiff was imprisoned was void. *Young v. Hardwood Co.,* 200 N. C., 310, 156 S. E., 501.

Since the warrant upon which the plaintiff was imprisoned was void, an action for malicious prosecution will not lie, as "malicious prosecution is for a prosecution founded upon legal process, but maintained maliciously and without probable cause." *Rhodes v. Collins,* 198 N. C., 23, 150 S. E., 492. An action for malicious prosecution "presupposes valid process." *Allen v. Greenlee,* 13 N. C., 370.

It may be conceded that there are allegations in the complaint of malice and of absence of probable cause, but there is no allegation of a valid process. The process alleged is invalid and void.

The argument advanced in the appellant's brief that "in the instant case the cause of action for malicious prosecution does not depend alone on the warrant, but a cause of action is alleged based on the bill of indictment in the Superior Court" is untenable, for the reason that it is alleged that the plaintiff was imprisoned and held to the Superior Court upon the warrant, and that "the Solicitor of the 8th Judicial District caused a bill to be presented to the Grand Jury based on the charge and warrant made and sworn out by the defendant and the Grand Jury after its investigation promptly returned 'not a true bill.'" Even if it be conceded that there are allegations that the defendant maliciously and without probable cause procured the bill of indictment to be presented to the grand jury, it is not alleged, and it is obvious that it could not be alleged, that the plaintiff was, or could have been, imprisoned by virtue of a bill of indictment which was returned "not a true bill."

It is unfortunate for the plaintiff that he deferred the commencement of his alleged cause of action for false imprisonment until it was barred by the lapse of time, since "false imprisonment is based upon deprivation of one's liberty without legal process." *Rhodes v. Collins, supra.*

We conclude that his Honor's judgment sustaining the demurrer *ore tenus* was correct, and it is therefore

Affirmed.