P. A. HAWKINS v. WARREN REYNOLDS.

(Filed 5 November, 1952.)

**1. Malicious Prosecution § 2—**

An action for malicious prosecution must be based upon a valid process, and where the warrant under which plaintiff was arrested fails to charge him with any crime, defendant's motion to nonsuit should be allowed.

**2. Public Officers § 7b: Municipal Corporations § 11e—**

The elements of the offense created by G.S. 14-247 and G.S. 14-252 are (1) the use of a vehicle belonging to the State or one of the political subdivisions named in the statute (2) by a public official or employee answering to the statutory description (3) for a private purpose, and a warrant which fails to charge that the use of a police car by a policeman of a municipality was for a private purpose, is insufficient to charge the offense.

**3. Indictment and Warrant § 9—**

A warrant for a statutory offense must charge the offense in the language of the statute or specifically set forth the facts constituting the offense as defined by the act.

APPEAL by defendant from *Clement, J.,* and a jury, July Term, 1952, of CLEVELAND.

Civil action to recover damages for an alleged malicious prosecution.

After the pleadings were read, the defendant demurred *ore tenus* to the complaint on the ground that it does not state facts sufficient to constitute a cause of action for that the warrant declared on and set out in the complaint was void for failure to charge a crime. The demurrer was overruled and the defendant excepted.

The parties then proceeded to trial. Issues were submitted to and answered by the jury as follows:

"1. Did the defendant cause the arrest and prosecution of the plaintiff, as alleged: Answer: Yes.

"2. Was the arrest and prosecution without probable cause? Answer: Yes.

"3. Was the prosecution malicious? Answer: Yes.

"4. What amount of compensatory damages is the plaintiff entitled to recover? Answer: $500.00.

"5. What amount of punitive damages is the plaintiff entitled to recover? Answer: None."

From judgment on the verdict, the defendant appealed, assigning errors.

*E. A. Harrill and A. A. Powell for defendant, appellant.*
*No counsel contra.*

JOHNSON, J. It is established by authoritative decisions of this Court that an action for malicious prosecution may not be maintained by one arrested on a charge not amounting to a crime, or where the process was void. *Parrish v. Hewitt,* 220 N.C. 708, 18 S.E. 2d 141; *Rhodes v. Collins,* 198 N.C. 23, 150 S.E. 492; *Caudle v. Benbow,* 228 N.C. 282, 45 S.E. 2d 361. An action for malicious prosecution "presupposes valid process." *Allen v. Greenlee,* 13 N.C. 370. It is otherwise as to an action for false imprisonment. *Caudle v. Benbow, supra; Melton v. Rickman,* 225 N.C. 700, 36 S.E. 2d 276; *Rhodes v. Collins, supra.*

The warrant declared upon in the complaint charges: ". . . that . . . on or about the 12th day of October 1951, and other occasions before and thereafter, P. A. Hawkins did unlawfully and wilfully use his position as a police officer for the Town of Kings Mountain, North Carolina, by intentionally embarrassing and inquiring into the private affairs of Warren E. Reynolds, a citizen of said town and state, in that he went to the homes of certain tenants of the said Warren E. Reynolds in a uniform of the Kings Mountain Police, and in an automobile furnished him by the said town to be used in his duties as a policeman, and while on duty as a policeman, and inquired of the said tenants as to how much rent they were paying the said Warren E. Reynolds; and that said acts on the part of the said P. A. Hawkins were done by him not in the line of his

official duties, but were calculated to humiliate and embarrass the said tenants and Warren E. Reynolds, and that one of his tenants to wit: Lonnie Butler moved out of the house of the said Warren E. Reynolds; that such actions on the part of the said P. A. Hawkins amounted to a breach of his duties as a public officer, contrary to the form of statute and against the peace and dignity of the State."

This case was tried solely upon the theory of malicious prosecution. It seems to have been conceded in the trial below that the warrant falls short of alleging malfeasance in office in violation of G.S. 14-230. However, the trial court, in overruling the defendant's demurrer *ore tenus* and proceeding to trial, apparently did so on the theory that while the warrant fails to charge the offense of malfeasance in office, nevertheless it does charge the plaintiff with using a publicly owned police automobile of the Town of Kings Mountain for a private purpose in violation of G.S. 14-247 and G.S. 14-252, which provide in substance that it shall be unlawful for any officer, agent or employee of the State of North Carolina, or of any institution or agency of the State, or of any County, City or incorporated town "to use for any private purpose whatsoever any motor vehicle of any type or description whatsoever belonging to the State" or any of the enumerated political subdivisions thereof.

The essential elements of the crime created by G.S. 14-247 and G.S. 14-252 are (1) the use of a vehicle belonging to the State or one of the political subdivisions named in the statute (2) by a public official or employee answering to the statutory description (3) for a private purpose.

The warrant does not charge that the defendant therein (the plaintiff herein) used the police car belonging to the Town of Kings Mountain for a "private purpose." This omission renders the warrant fatally defective. *S. v. Miller,* 231 N.C. 419, 57 S.E. 2d 392; *S. v. Jackson,* 218 N.C. 373, 11 S.E. 2d 149; *S. v. Ballangee,* 191 N.C. 700, 132 S.E. 795.

The rule is that no indictment or warrant, whether at common law or under a statute, can be good if it does not accurately and clearly allege all the constituent elements of the offense charged. *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166.

"The breach of a statutory offense must be so laid in the indictment as to bring the case within the description given in the statute and inform the accused of the elements of the offense." *S. v. Ballangee, supra* (191 N.C. 700, 701). True, the bill or warrant need not be in the exact language of the statute, but there must be averments of all the essential elements of the crime created by the act. *S. v. Miller, supra.*

In *S. v. Jackson, supra* (218 N.C. 373), the formula is stated this way: "An indictment for an offense created by statute must be framed upon the statute, and this fact must distinctly appear upon the face of the indictment itself; and in order that it shall so appear, the bill must either

charge the offense in the language of the act, or specifically set forth the facts constituting the same . . . 'Where the words of a statute are descriptive of the offense, an indictment should follow the language and expressly charge the described offense on the defendant so as to bring it within all the material words of the statute. Nothing can be taken by intendment.' " See also *S. v. Liles,* 78 N.C. 496; *S. v. Cole,* 202 N.C. 592, 163 S.E. 594; *S. v. Tarlton,* 208 N.C. 734, 182 S.E. 481; *S. v. Gibbs,* 234 N.C. 259, 66 S.E. 2d 883.

It follows from what we have said that the judgment below will be vacated and reversed and the demurrer *ore tenus* sustained.

Reversed.