CURTIS MOSER v. SILAS FULK, REID JOYCE AND RALPH BOYLES.

(Filed 4 March, 1953.)

**1. Malicious Prosecution § 2—**

An action for malicious prosecution must be based upon a valid warrant or indictment, and if the warrant or indictment is void on its face, malicious prosecution will not lie.

**2. Indictment and Warrant § 9—**

A warrant and the affidavit upon which it is based will be construed together and will be tested by rules less strict than those applicable to indictments, but nevertheless the warrant and the affidavit together must charge facts sufficient to constitute an offense under our criminal law.

**3. Nuisances § 6e—**

Drunkenness itself is not a crime at common law, but must be attended with such circumstances as to constitute it a public nuisance in order to be a criminal offense.

**4. Nuisances § 8a: Malicious Prosecution § 2—**

The warrant and affidavit upon which plaintiff was prosecuted charged plaintiff with public drunkenness, but failed to allege any circumstances constituting plaintiff's conduct a public nuisance, and failed to allege that plaintiff's drunkenness was within a township of the county stipulated by G.S. 14-335 (8) prescribing that public drunkenness in the stipulated territory should be a criminal offense. *Held:* The warrant and affidavit failed to charge a criminal offense and were insufficient predicate for plaintiff's cause of action for malicious prosecution.

**5. Courts § 2—**

Neither consent nor waiver can give jurisdiction, and the question of jurisdiction can be raised at any time.

APPEAL by plaintiff from *Crisp, Special Judge,* at October Term, 1952, of STOKES.

This is an action for damages for false arrest, false imprisonment and malicious prosecution.

At the close of the plaintiff's evidence, the defendants moved for judgment as in case of nonsuit. The court granted the motion for judgment of nonsuit being of the opinion as stated in the record that the plaintiff's alleged causes of action were barred by G.S. 1-54, Sub-secs. 1 and 3. From the judgment based on such ruling the plaintiff appealed, assigning error.

*P. W. Glidewell, Sr., J. A. Webster, Jr., and Leonard Vannoppen for plaintiff, appellant.*

*Deal, Hutchins & Minor for defendants, appellees.*

PARKER, J.   Silas Fulk, Reid Joyce and Ralph W. Boyles, the defendants, were acting deputy sheriffs of Stokes County at the times alleged in the complaint. On 5 or 7 December, 1947, the plaintiff got into a taxicab at Timmons Crossroads, Stokes County, near Richard Clifton's Store. About 15 or 20 people were there. The three defendants arrested him on a charge of public drunkenness in a public place, took him out of the taxicab and carried him to jail in Danbury, and locked him up. Within 30 or 35 minutes the plaintiff was released from jail. On 12 December, 1947, the defendant Silas Fulk swore out a warrant before T. A. Bennett, a justice of the peace of Stokes County, against the plaintiff charging him on or about 7 December, 1947, at and in said county and Yadkin Township with public drunkenness. Fulk dictated to Bennett what charge to put in the warrant. On 12 December, 1947, the warrant was served on the plaintiff by telling him where to appear that night

for trial. On that night he was tried on the warrant by T. A. Bennett, Justice of the Peace, and found not guilty. The affidavit and warrant were introduced in evidence by the plaintiff, and at the trial T. A. Bennett testified he wrote on the warrant "Dismissed"; "Nol Pros.," and "Not Guilty." All three defendants testified in the trial before Bennett.

Summons was issued 6 July, 1949, and served on the defendants 9 July, 1949.

The affidavit and warrant are as follows:

"State of North Carolina                    JUSTICE'S COURT
Stokes County            ss                  Before T. A. Bennett
Yadkin Township                              Justice of the Peace.

    STATE
       v.                                    CRIMINAL ACTION
CURTIS MOSER

F. S. FULK, being duly sworn, complains and says, that at and in said county, and Yadkin Township on or about the 7 day of December, 1947, CURTIS MOSER did unlawfully, willfully, and feloniously charged with public drunkenness, against the form of the Statute in such cases made and provided, and contrary to law and against the peace and dignity of the State.                                      F. S. FULK.

Subscribed and sworn to before me, the 12 day of Dec., 1947.
                             T. A. BENNETT, J. P.

"STATE OF NORTH CAROLINA
                To any Lawful Officer of Stokes—GREETINGS:

You are hereby commanded to arrest CURTIS MOSER and him safely keep, so that you have him before me at my office in said county, immediately, to answer the above complaint, and be dealt with as the law directs.

Given under my hand and seal this 12 day of Dec., 1947.
                         T. A. BENNETT (J. P. Seal)

Witnesses marked X recognized to appear. Case tried 12 day of Dec., 1947. Bond fixed at $.............. before T. A. Bennett, associate, P. C. Campbell, J. P.

Across the top of warrant: Nol Pros. December 12, 1947, Wednesday 7:30. STATE v. CURTIS MOSER
                  Warrant for Public Drunkenness
                  Summons for the State:
                      R. W. Boyles
                      Reid Joyce."

The plaintiff appellant concedes in his brief that his action for false arrest or false imprisonment is barred by the statute of limitations. G.S. 1-54, Sub-sec. 3.

This question is presented: Construing the affidavit and warrant together, is the warrant void?

An action for malicious prosecution "presupposes valid process." *Allen v. Greenlee,* 13 N.C. 370; *Baldridge v. Allen,* 24 N.C. 206; *Zachary v. Holden,* 47 N.C. 453; *Parrish v. Hewitt,* 220 N.C. 708, 18 S.E. 2d 141; *Caudle v. Benbow,* 228 N.C. 282, 45 S.E. 2d 361.

If the warrant upon which the plaintiff was arrested was void, the action for malicious prosecution will not lie. An action for malicious prosecution must be based on a warrant charging a crime. If the warrant charges no crime, it is void, and an action of malicious prosecution cannot be based thereon, for malicious prosecution must be founded upon legal process maintained maliciously and without probable cause. *Allen v. Greenlee, supra; Bryan v. Stewart,* 123 N.C. 92, 31 S.E. 286; *Rhodes v. Collins,* 198 N.C. 23, 150 S.E. 492; *Parrish v. Hewitt, supra; Melton v. Rickman,* 225 N.C. 700, 36 S.E. 2d 276; *Caudle v. Benbow, supra.*

A warrant is insufficient and void if, on its face, it fails to state facts sufficient to constitute an offense. However, the strictness required in an indictment is not essential. 4 Am. Jur., Arrest, p. 9; *S. v. Jones,* 88 N.C. 672; *S. v. Gupton,* 166 N.C. 257, 80 S.E. 989.

"Since a warrant for an arrest is void when the justice or court issuing it had no jurisdiction, it is customary not only for the warrant to show facts conferring jurisdiction, but for the affidavit upon which it is based similarly to show such facts. The affidavit and warrant are considered as together constituting the precept; and if the complaint shows on its face that the justice of the peace who signed the warrant of arrest had no jurisdiction or authority to issue it, the warrant is defective and void." 4 Am. Jur., Arrest, p. 12.

Where the affidavit upon which the warrant is based sets out the charge in full, and the justice appends the warrant thereto, this incorporates the charge, and makes it part of the warrant. *S. v. Davis,* 111 N.C. 729, 16 S.E. 540; *S. v. Sharp,* 125 N.C. 628, 34 S.E. 264; *S. v. Gupton, supra.* The warrant and the affidavit must be construed together. *Young v. Hardwood Co.,* 200 N.C. 310, 156 S.E. 501; *Parrish v. Hewitt, supra.*

Venue can be waived, and a failure to lay the venue properly is not fatal to a justice's warrant. *S. v. Williamson,* 81 N.C. 540. However, neither consent nor waiver can give jurisdiction, and the court will not proceed when it appears from the record that it has no authority. The question of jurisdiction can be raised at any itme. *S. v. Miller,* 100 N.C. 543, 5 S.E. 925; *Henderson County v. Smyth,* 216 N.C. 421, 5 S.E. 2d 136; *S. v. Jones,* 227 N.C. 94, 40 S.E. 2d 700.

"Drunkenness in itself is not a crime at common law, unless attended with such circumstances as to become a public nuisance." 28 C.J.S., Drunkard, pp. 558-9. "By the early common law of England public drunkenness was not an offense, unless attended with such circumstances as to become a public nuisance. Drunkenness as an offense is now regulated by statute in the various jurisdictions." 19 C.J., Drunkards, p. 797.

*Mr. Justice Henderson,* speaking for the Court in *S. v. Waller,* 7 N.C. 230, says: "Private drunkenness is no offense by our municipal laws. It becomes so by being open and exposed to public view, to that extent that it thereby becomes a nuisance *commune nocumentum;* and that is a question of fact to be tried by a jury. There being no charge in this indictment to that effect, the jury has not, and could not pass on it; which being of the very essence of the crime, the judgment must be arrested." See also *S. v. Freeman,* 86 N.C. 683.

The affidavit and warrant in this case do not charge that the public drunkenness of the plaintiff Moser was attended with such circumstances as to become a public nuisance, and thereby a criminal offense at common law is not charged in the affidavit and warrant.

The statute law of North Carolina as to drunkenness is set forth in G.S. 14-335 and its various sub-sections. The pertinent part as to Stokes County is set forth in sub-sec. 8 : "By a fine of fifteen dollars or imprisonment for ten days for the first offense; by a fine of twenty-five dollars or imprisonment for twenty days for the second offense; by a fine of fifty dollars or imprisonment for thirty days for the third and subsequent offenses, in the King high school district, Stokes County. (1933, c. 287.)" Pub. Laws 1933, Ch. 287, is entitled "An Act to Amend Section 4458 of the Consolidated Statutes Relating to Public Drunkenness in the King High School District, Stokes County."

Construing the affidavit and warrant together there is no charge therein that the defendant Curtis Moser, the plaintiff here, was publicly drunk in the King High School District, Stokes County. An inspection of the affidavit and warrant discloses that no criminal offense known to the laws of North Carolina is charged. The warrant is void, and will not support a suit for malicious prosecution. "We can know judicially only what appears on the record." *Utilities Com. v. Kinston,* 221 N.C. 359, 20 S.E. 2d 322.

*Rhodes v. Collins, supra; Young v. Hardwood Co., supra;* and *Parrish v. Hewitt, supra,* are strikingly similar. See also *Carson v. Doggett,* 231 N.C. 629, 58 S.E. 2d 609; *Hawkins v. Reynolds,* 236 N.C. 422, 72 S.E. 2d 874.

In the *Rhodes case* the warrant charged the slander of a man. This Court held the slander of a man was not a criminal offense under our laws; the warrant was void; and a suit for malicious prosecution would not lie.

In the *Young case* the warrant charged that the defendant and two others "did unlawfully, wilfully and feloniously have in their possession certain goods which plaintiff is fully satisfied were stolen goods from said company's commissary, etc." It was held that the warrant charged no legal offense; was void and no suit for malicious prosecution could be based thereon.

In the *Parrish case* the warrant charged the plaintiff Parrish "did unlawfully, wilfully and feloniously endorse a check made to him without his knowledge or consent and receive the money for said check and failed to account to him for the funds received for the check, etc." It was held the warrant charged no criminal offense, and an action for malicious prosecution could not be based thereon.

The ruling of the trial judge in sustaining the motion for judgment as in case of nonsuit was correct. However, in the suit for malicious prosecution we have based our decision on a different ground.

Affirmed.