At the close of plaintiff Smith's malicious prosecution case, the trial court granted a directed verdict for the defendants, Wendy's of the South, Inc., and Robert Harland Matthews. Smith appeals. We affirm.
Smith was indicted by the Grand Jury of Mobile County for a robbery in the first degree at a Wendy's restaurant. The criminal proceedings were nol-prossed by the district attorney.
A directed verdict in favor of a defendant is proper only when there is no evidence to support one or more elements of plaintiff's cause of action. Smith v. Norman, 495 So.2d 536
(Ala. 1986).
As this Court stated in Rose v. Miller Co., 432 So.2d 1237,1239 (Ala. 1983):
 "In considering the propriety of a directed verdict, our function is to view the evidence in a light most favorable to the nonmoving party. If, by any interpretation, it can support a conclusion in favor of the nonmoving party, we must reverse. Herston v. Whitesell, 374 So.2d 267 (Ala. 1979). A directed verdict is proper only where there is a complete absence of proof on an issue material to the cause of action or where there are no controverted issues of material fact upon which reasonable persons could differ. Caterpillar Tractor Co. v. Ford, 406 So.2d 854 (Ala. 1981)."
For the trial court to have erred in directing the verdict for the defendants in this case, there must be some direct evidence or circumstantial evidence from which the jury could reasonably infer each of the following elements, which comprise a cause of action for malicious prosecution: (1) that a judicial proceeding was initiated by the defendants against Smith; (2) that the judicial proceeding was instituted without probable cause; (3) that the proceedings were instituted by the defendants maliciously; (4) that the judicial proceeding has been terminated in favor of Smith; and (5) that Smith suffered damage as a proximate cause of the prosecution. Kitchens v.Winn-Dixie Montgomery, Inc., 456 So.2d 45 (Ala. 1984). In this case there was some evidence of elements (1), (4), and (5).
There was no evidence to support the second element (want of probable cause).
In Alabama Power Co. v. Neighbors, 402 So.2d 958, 967 (Ala. 1981), this Court held:
 "'In malicious prosecution the general rule is that the finding of an indictment by a grand jury against one charged with crime is prima facie evidence of the existence of probable cause, and that the acquittal of a defendant upon the trial does not tend to show a want of probable cause for believing him guilty of the offense charged when the arrest [was] made or prosecution initiated. . . .'"
Quoting Union Indemnity Co. v. Webster, 218 Ala. 468,118 So. 794 (1928) (emphasis added in Neighbors).
This prima facie showing of the existence of probable cause created by an indictment by a grand jury can be overcome by a showing that the indictment was "induced by fraud, subornation, suppression of testimony, or other like misconduct of the party seeking the indictment." National Security Fire Casualty Co.v. Bowen, 447 So.2d 133, 140 (Ala. 1983). There was absolutely *Page 845 
no evidence of this. Smith held the burden of rebutting the prima facie showing of probable cause created by the indictment. Johnson v. Haynie, 414 So.2d 946, 949 (Ala. 1982). Smith did not introduce any direct evidence to rebut this, nor did he introduce any circumstantial evidence from which the jury could reasonably infer that either Matthews or any other agent or employee of Wendy's obtained the indictment against Smith by fraud, subornation, suppression of testimony, or other like misconduct. Allstate Enterprises, Inc. v. Alexander,484 So.2d 375 (Ala. 1985). Therefore, there was no evidence that the judicial proceeding was initiated without probable cause.
In Young v. Andrews Hardwood Co., 200 N.C. 310, 156 S.E. 501
(1931), a non-suit was affirmed in a malicious prosecution action because the plaintiff introduced "no evidence overthrowing, or tending to overthrow, the legal effect of the finding by the grand jury."
It is not necessary to discuss whether there was any evidence that the defendants acted maliciously, since the trial court properly directed a verdict in favor of the defendants for Smith's failure to introduce any evidence that the judicial proceeding was initiated without probable cause. The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.