The plaintiff introduced a paper-writing, under the hands of the two justices who examined the parties named in the warrant, whereby it appeared that one of the justices thought the parties ought to be bound over for trial, and the other thought differently; and, therefore, they united in discharging them. And on this paper the plaintiff rested, as proving malice and want of probable cause. But the court required other proofs to be given of both these grounds of the action.
After the plaintiff had examined witnesses for these purpose, the defendant introduced several witnesses and depositions to establish a probable cause that the subornation of perjury had been committed by the plaintiff; and on his part it was insisted that the defendant should be restricted to such testimony as was laid before the magistrates; but the court was of opinion that the defendant ought not to be so restricted. Many witnesses were then examined on both sides as to the probable cause, and the plaintiff moved that the whole case should be left to the jury to decide whether there was probable cause. But the court was of opinion, and so declared, that whether there was probable cause or not was a question of law, to be decided by the court. And there being, in *Page 408 
the opinion of the court, probable cause for suing out the warrant, the jury were instructed to find a verdict for the defendant, which they did.
A motion for a new trial, on the part of the plaintiff, was made and overruled. Appeal. The case was tried before TAYLOR, C. J., at CHOWAN.
Whether there was probable cause for suing out the warrant, or not, I think is a question of law, after the facts are admitted or ascertained; that is, the court shall, upon a special verdict, give (561) judgment, or shall say, after a general verdict, whether sufficient appears on the declaration to entitle the plaintiff to judgment. 1 Term, 544. But the court cannot say to the jury that the court is of opinion that probable cause has been proved, because that clearly involves an inquiry into the truth of the facts contested by the parties, and the credibility of the witnesses, which is the peculiar province of the jury. In other words, I think it would have been correct to say to the jury, if they believed the witnesses, probable cause had been made out; and as thewhole case was passed on by the court, I think there must be a new trial.
Let the rule be made absolute.
NOTE. — See Plummer v. Gheen, 10 N.C. 66; Cabiness v. Martin,14 N.C. 454.
Cited: Watt v. Greenlee, 9 N.C. 187; Beale v. Roberson, 29 N.C. 283;Jones v. R. R., 125 N.C. 229.