Gaston, Judge.
 

 This action of trespass and false imprisonment has grown out of the same transaction which gave rise to the action of John A. Mead against these defendants, in which an opinion has just been pronounced. For the proper understanding of the exceptions taken in this case, it is necessary to state, in addition to the circumstances mentioned in the opinion referred to that, &c. (Here his Honor stated the circumstances of the case, and the charge of the judge thereupon, as mentioned above ; and then proceeded as follows:) We hold both parts of the charge to be correct. A warrant for the apprehension of a man’s person is an act of no unimportant character; and certainly no alteration can be rightfully made in it after it has
 
 finally
 
 left the hands of the magistrate who issued it. He decides upon his official responsibility, whether a warrant shall issue, and against whom it shall issue. Altered without his authority, it is no longer
 
 his
 
 warrant —and if it be not the warrant of the magistrate under whose signature it is sent forth, whose warrant is it ? It may be remarked, however, that independently of the ground upon which the judge held the apprehension of the plaintiff illegal, the warrant, supposing it rightfully altered, was yet open to the same objection which we have held fatal in the other case. In its mandatory part it contained no names of the persons to be arrested, nor in any way described them, but as the ‘ said company.’ We think, also, for the reasons given in the former cáse, that the other part of the instruction complained of was correct. Boyd, claiming authority to take the plaintiff under the warrant directed to Boyd, inquired of him whether he submitted to such arrest — received his submission — and detained him in custody under it until he ransomed his person from restraint. The judgment is affirmed.
 

 Per Curiam. Judgment affirmed.