DaNiel, J.
 

 There was no evidence in this cause, that the plaintiff ever had in her hands the defendant’s ribbons.
 
 Hartman
 
 in his evidence states, that when he saw Antoinette Swaim in the defendant’s store, this plaintiff was then at the other end of the counter. Hartman on the next Sunday saw the plaintiff wearing a new belt ribbon; and he, on the Tuesday or Wednesday after, mentioned to the defendant, that the ribbons he had seen on the Sunday before resembled, or Were similar in color to, the defendant’s. If it was probable from all the faats and circumstances in the cause, that the defendant might (from Antoinette and the plaintiff being sisters and living together with their father) suspect that she had been the receiver of stolen goods, still there is nothing
 
 in the
 
 case to have rationally induced him to believe or suppose, either that the plaintiff had stolen his ribbons, or had received them from her sister, knowing them to have been stolen. If the defendant had prosecuted the plaintiff for receiving ^tolen goods, instead of stealing them, and had been able to establish that the plaintiff got them from her sister, still it would have been a rash presumption in the defendant, to say the least of it, that the plaintiff knew that her sister had stolen them and to charge her with having received them with that knowledge, without asking her how she came by the ribbons. The defendant would have had no right to assume, that the plaintiff’s sister had communicated her guilt to the plaintiff She ought, at least, to have the opportunity of explaining how she got them from her sister and what account the latter gave of the means by which she had acquired them. It seems to us that the defendant had no probable cause to prosecute a State’s war
 
 *400
 
 rant against the plaintiff for any crime arising out of Ibis ""transaction. And
 
 we
 
 see no error in the charge of the Judge.
 

 Per Curiam, Judgment affirmed.