WILLIAM  WRIGHT  JONES  v.  WILMINGTON  AND  WELDON
RAILROAD  COMPANY.

(Decided  November  21,  1899.)

*Malicious  Prosecution—Probable  Cause—Malice—Conduct
of  Officer—Waiver  of  Preliminary  Examination.*

1. In actions for malicious prosecution, whether there was probable
    cause for the conduct of the prosecutor is a question of law,
    but the jury must find the facts which constitute it. After the
    evidence has been given, if in the opinion of the Court the
    testimony satisfies the Court that the prosecutor commenced
    the prosecution upon the honest and reasonable belief that
    the accused was guilty, it would be its duty to submit the
    matter to the jury, with an instruction to the effect that if
    they believed the witnesses, probable cause had been shown. If,
    on the other hand, the Court should be of opinion, that even
    taking the evidence as true, it did not constitute probable
    cause, then it snould instruct the jury, that in its opinion, tak-
    ing all the facts and circumstances testified to by the wit-
    nesses to be true, there was not a probable cause for the pros-
    ecution against the plaintiff.
2. If the officer, who makes the arrest, abuses his official authority,
    the defendant not being present and not having given any
    instructions in that respect, while such conduct may give the
    plaintiff a remedy against the officer, it does not tend to show
    malice in the aefendant—there being no natural connection
    between the original procuring of the warrant, and the man-
    ner in which the arrest was made.
3. The voluntary waiving of the preliminary examination before
    the Justice of tne Peace is *prima facie* evidence of probable
    cause.

CIVIL ACTION for malicious prosecution, tried before *Rob-
inson, J.,* and a jury at March Term, 1899, of CUMBERLAND
Superior Court.

The plaintiff, William Wright Jones, was arrested upon a
State warrant sworn out by a detective of the defendant, upon

a charge of breaking the insulators and rocking the railroad train of defendant. The plaintiff was arrested by a constable at his home near Dunn, was handcuffed in presence of his mother and family, bail offered and refused, and was taken to Fayetteville and lodged in jail. The next day he was admitted to bail by the Justice, waived a preliminary examination, the State not being ready, and was bound over to court. The grand jury failed to find a true bill, the plaintiff was discharged and prosecution ended.

The plaintiff testified that he was not guilty of the charge imputed to him.

Henry Smith, upon whose information the detective testified he had acted in swearing out the warrant, was sworn and testified that he gave the detective no such information, and had never seen the plaintiff break the insulators or rock the train.

The exceptions of the defendant to the instructions given and refused by his Honor are noted in the opinion.

There was a verdict, and judgment in favor of plaintiff for $2,500.

Defendant excepted, and appealed.

*Mr. George M. Rose,* for appellant.
*Messrs. Robinson & Shaw,* and *S. M. Wetmore,* for appellee.

MONTGOMERY, J.   The plaintiff was arrested under a warrant sworn out at the instance of the defendant, in which he was charged with unlawfully injuring the telegraph poles of the defendant, and also with unlawfully and maliciously throwing stones at their trains. The plaintiff waived a preliminary examination before the Justice of the Peace, and gave bond for his appearance at the next term of the Superior

Court.   A bill of indictment was sent to the grand jury, but it was ignored, and the plaintiff discharged, and soon thereafter this action was commenced by the plaintiff against the defendant for malicious prosecution.

At the request of the plaintiff the Court instructed the jury, "That what amounts to probable cause is a matter for the jury, and in this case the plaintiff must show by the weight of the evidence that the defendant company acted in taking out the warrant without probable cause, and, where there is a total want of probable cause, the jury may infer malice almost as a necessity, as a prosecution totally groundless can not be accounted for in any other way."   The defendant excepted.

Leaving out any discussion as to whether the latter part of the instruction had any proper connection with the former part, it is clear that the former part is erroneous.

In actions for malicious prosecution, whether there was probable cause for the conduct of the prosecutor is a question of law, but the jury must find the facts which constitute it. In such actions after the evidence has been given, if in the opinion of the Court the testimony of the witnesses satisfies the Court that the prosecutor commenced the prosecution upon the honest and reasonable belief that the accused was guilty, it would be its duty to submit the matter to the jury with an instruction to the effect that if they believed the witnesses probable cause had been shown.   If, on the other hand, the Court should be of the opinion that even taking the evidence as true, it did not constitute probable cause, then the Court should instruct the jury that in its opinion, taking all the facts and circumstances testified to by the witnesses to be true, there was not a probable cause for the prosecution against the plaintiff.   *Leggett v. Blount,* 4 N. C., 560; *Plummer v. Gheen,* 10 N. C., 66; *Beale v. Robinson,* 29 N. C.,

280; *Swain v. Stafford,* 26 N. C., 398; *Viccars v. Logan,* 44 N. C., 394. In the case of *Swain v. Stafford, supra,* his Honor instructed the jury that in the opinion of the Court, taking all the facts and circumstances proved by the witnesses, Hartman, Harris, Swain and Alspaugh, to be true, there was not a probable cause for the prosecution against the plaintiff, and this Court affirmed the judgment pronounced on the verdict of the jury.

In the case of *Viccars v. Logan, supra,* after the testimony was closed, his Honor was requested by plaintiff's counsel to instruct the jury that there was no probable cause for suing out the State's warrant against the plaintiff. The Court "refused to give the instruction prayed for, but defined to the jury what in law constituted probable cause, and submitted the case to them." There was a verdict for the defendants, and a judgment thereon. This Court, in considering the correctness of the charge in that case, said: "We may say here what this Court said in the case of *Beale v. Robinson,* 7 Ired., 280, that 'this case brings up again the question whether probable cause is matter of law, so as to make it the duty of the Court to direct the jury that if they find certain facts upon the evidence or draw from them certain other inferences of fact, there is or is not probable cause; thus leaving the questions of fact to the jury, and keeping their effect in point of reason for the decision of the Court as a matter of law. Upon that question the opinion of all the Court is in the affirmative, and therefore this judgment must be reversed.'" It is further said in the opinion in that case, after discussion and extended investigation into the principle and the authorities: "It would seem, then, that making a question on this subject must be regarded as an attempt to move fixed things, and can not be successful either in England or here."

His Honor further instructed the jury, at the request of the plaintiff, "That the circumstances of the arrest, of the handcuffing of the plaintiff, he not offering resistance, in the presence of his mother and family, the handcuffing of the plaintiff and his brother at their home, and leaving them there handcuffed while the officer went to arrest another, the refusal of the officer to take bail, the offense charged being only a misdemeanor, the failure to prosecute and bring to trial the plaintiff, and the circumstances of the arrest and imprisonment are to be considered by the jury in determining whether there was malice and want of probable cause." Defendant excepted.

No representative of the defendant was present at the time of the arrest, and there was no evidence that the defendant gave any instructions about how the arrest should be made. The officer who made the arrest was a constable, whose duty it was to serve such process. The evidence of the alleged abuse of his official authority by the constable was objected to by the defendant, and the exception to its being received by the Court can be considered along with that part of the charge now under consideration.

There is no natural connection between the manner in which the arrest was made, the defendant not having given any instructions in that respect and not being present, and the original procuring of the warrant by the defendant. If the officer abused his official authority and put upon the plaintiff when he arrested him or while he had him in charge unnecessary restraint or unnecessary humiliation, the plaintiff has his remedy against the officer. If the defendant had instructed the officer to make the arrest in an unnecessary offensive and insulting manner, that could have been shown as evidence of malice. Whether or not the evidence was competent to show mental anguish, it is unnecessary to dis-

cuss. His Honor charged that the testimony was evidence of malice, and we are of the opinion that there was error in the instruction. *Vancickle v. Brown,* 68 Mo., 627.

For the erroneous instructions pointed out there must be a new trial.

There is another exception, however, which we think was well taken by the defendant, and is fatal to the plaintiff's cause of action. His Honor refused to instruct unqualifiedly the jury, at the defendant's request, that the waiving of the preliminary examination before the Justice of the Peace was *prima facie* evidence of probable cause. He told the jury that the waiving of the examination was *prima facie* evidence of probable cause unless satisfactorily explained. The evidence of the plaintiff himself is, without qualification or explanation, that he waived the preliminary examination, and gave bond in the sum of $50. The evidence of L. J. Best, the attorney of the plaintiff, on that point, is: "We demanded trial as soon as we reached Fayetteville, and the attorney for the defendant stated he was not ready, as his witness was not here at that time, and we waived an examination, to have an opportunity to give bail." Overby, the Justice of the Peace, testified: "The next day, on arrival of the train, Mr. Best, their attorney, came. I had the boys brought before me, and their attorney entered a plea of not guilty, and waived preliminary examination, and I required them to give bond in the sum of $50 for appearance at court, and the bond was accepted. I do not think that the State asked for a continuance. So far as I know the waiver of examination was voluntary. I can not say that the prosecution had any witness at the time the examination was made, because no evidence was called for."

From the whole of the testimony, it appears that the waiver of the preliminary examination was voluntary. The

most that can be said for the plaintiff is that he made the waiver in order to give bond. He could do that with little prejudice to his rights in the criminal prosecution, because, in the trial upon the plea of not guilty, the State would have to prove his guilt. The waiver of the preliminary examination was only an admission that the defendant had probable cause for the accusation, and not an admission that he was guilty. But when the plaintiff waived the preliminary examination in order that he might gain his liberty by the execution of the bond for his appearance at the next term of the court, he by that act confessed probable cause so far as the action of the defendant in procuring the warrant for his arrest was concerned. The Justice of the Peace, he not having jurisdiction to try and to determine the offense charged in the warrant, could only bind the accused over to the Superior Court, on the ground that probable cause had been shown that an offense had been committed. The course of the Justice of the Peace could be founded only on an investigation of the facts by the witnesses, or by the admission of the accused, and we are of the opinion that so far as this action is concerned the waiver by the plaintiff of the preliminary examination was an admission that the defendant reasonably and honestly believed that the plaintiff was guilty of the offense with which he was charged in the indictment.

Error.