RAYMOND K. RHODES v. MARVIN COLLINS, ZEB O'CONNELL AND
    CHAS. O'CONNELL, AND O. H. JOHNSON v. MARVIN COLLINS, ZEB
    O'CONNELL AND CHAS. O'CONNELL.

(Filed 27 November, 1929.)

**1. False Imprisonment A a—False imprisonment is depriving person of liberty without legal process—Malicious Prosecution.**

False imprisonment is depriving one of his liberty without legal process, and malicious prosecution is a prosecution founded upon legal process, but maintained maliciously and without probable cause.

**2. False Imprisonment A b—In this case held arrest was made.**

Where the uncontroverted evidence in an action for false arrest or imprisonment is to the effect that the defendants procured from a justice of the peace a warrant for the arrest of the plaintiff and accompanied the process officer who made the arrest and took the plaintiff before the magistrate, and that the plaintiff was required to and gave bond for his appearance, it is not error for the court to instruct the jury that if they believed the evidence to answer the issue as to the false arrest in the affirmative.

**3. False Imprisonment A c—Warrant for slander is void and arrest made thereunder is without legal process.**

Slander of a man is not a criminal offense under our law, and where a warrant for arrest has been procured from a justice of the peace who erroneously issues it, and the parties charged have been arrested and have given bond for their appearance, the warrant under which the arrest was made is void and the plaintiff in a civil action for false arrest thereunder may recover such actual damages as he may have sustained, and the question of good faith in the procurance of the warrant may bear upon the measure of damages, but is not a defense to the action.

APPEAL by defendant, Chas. O'Connell, from *Grady, J.,* and a jury, at January Civil Term, 1929, of WAKE. No error.

We gather from the record that this is an action for false arrest or false imprisonment and malicious prosecution, brought by plaintiff against defendants. The record discloses that summons was served only on Marvin Collins and Chas. O'Connell, and the action was tried out against them. The evidence on the part of plaintiffs was to the effect that some time prior to the institution of this action, they were arrested at their several homes in Wake County, on the night of 26 October, 1926, about nine or half past nine o'clock, and after the families had retired, upon a warrant issued by R. H. Templeton, justice of the peace, sworn to and signed by the defendants, Collins and Charles O'Connell and Zeb O'Connell, a son of Charles O'Connell, charging plaintiffs with slander. That the warrant was given to Mack Page, a deputy sheriff, who was accompanied by the defendant, Marvin Collins, and plaintiffs were notified of the charge, and they went with the deputy sheriff several miles, at night, to the home of the justice of the peace that issued the

warrant and were made to give bond for their appearances at a subsequent time. It was contended by defendants that they went voluntarily to the justice of the peace, but the record discloses that they gave bond for their appearance.

The warrant sued out and signed by defendants and Zeb O'Connell was to the effect that plaintiffs had charged "that Zeb O'Connell and Marvin Collins, one of the defendants employed by Charles O'Connell, had stolen and were stealing seed cotton off the wagons of the patrons of the Charles O'Connell gin."

The justice of the peace testified: "That he was the justice of the peace who issued the warrant; that the defendants in this case came to him and told him what reports had been circulated by the plaintiffs, and that he prepared an affidavit for them to sign, which was introduced in evidence; that he prepared a warrant upon his own understanding that the matters set up in the affidavit constituted a criminal offense against the laws of North Carolina, and issued the same to the deputy sheriff; that at the trial he was informed by the attorney for the prosecution that it was not an offense, and at his request dismissed the warrant; that the plaintiffs, not being under custody at the time, went off and secured bondsmen for their appearance at the trial."

By consent the actions were consolidated and tried together.

The issues submitted to the jury and their answers thereto were as follows:

"1. Did the defendants wrongfully cause the plaintiffs to be arrested under a void warrant?  Answer: Yes.

2. If so, what actual damages is the plaintiff, Johnson, entitled to recover of the defendants?  Answer: $200.

3. If so, what actual damages is the plaintiff, Rhodes, entitled to recover of the defendants?  Answer: $100.

4. Was the arrest of the plaintiffs procured by malice, as alleged in the complaint?  Answer: No.

5. If so, what punitive damages is the plaintiff, Johnson, entitled to recover of the defendants?  Answer: .... .......

6. If so, what punitive damages is the plaintiff, Rhodes, entitled to recover of the defendant?  Answer: .........:..."

*B. C. Beckwith and W. F. Evans for plaintiffs.*
*A. A. F. Seawell for defendant, Chas. O'Connell.*

CLARKSON, J. We have read with care the record. The allegations of the complaint appear to set out a double-barrel action permissible under our liberal practice, "Wrongful and malicious prosecution, false arrest and wrongful detention," and tried out on false arrest and imprisonment.

"False imprisonment" is based upon the deprivation of one's liberty without legal process, while malicious prosecution is for a prosecution founded upon legal process, but maintained maliciously and without probable cause. *Rosendale v. Market Square Dry Goods Co.* (Mo.), 213 S. W., 169, 171. *Allen v. Greenlee,* 13 N. C., 370.

The assignment of error by defendant to the effect that the court below assumed and charged as a fact that plaintiffs had been arrested cannot be sustained.

We think from the undisputed evidence there was an arrest. The parties charged went with the officer and one of the prosecutors, at night, to the justice of the peace who issued the warrant and gave bond for their appearance. They were *in durance vile.*

In *S. v. Lunsford,* 81 N. C., at p. 530, speaking to the subject, we find: "Where a constable showed a magistrate's warrant to the prosecutor and desired him to go before the magistrate, which he did without further compulsion. This was held to be a sufficient imprisonment, because the officer solicited a warrant for his arrest, and in going with him, he yielded to what he supposed to be a legal necessity. But there must be a detention, and the detention must be unlawful. 3 Bl. Com., 127." *Mead v. Young,* 19 N. C., 522; *Haskins v. Young,* 19 N. C., 527; *Riley v. Stone,* 174 N. C., 588; *Stancill v. Underwood,* 188 N. C., 475; 25 C. J., 455-6.

The defendant assigned error to the following part of the charge made by the court below: "There is no law making it a criminal offense for a man to slander another man; I hold, therefore, this warrant was absolutely void, and of no effect whatever, and it did not justify the arrest of these parties; and, therefore, upon the admission of the parties made in their pleadings and upon the stand, I direct you gentlemen to answer the first issue Yes, if you find as a fact the facts to be as testified to, by all the witnesses who have gone upon the stand in this case, and it would make no difference whether they were actuated by good faith or not, slander not being an indictable offense; the arrest of these defendants under this warrant was an invasion of their rights, and, therefore, on the admission of the parties, it would be your duty to answer the first issue Yes, that it was an unlawful arrest, and the arrest being an unlawful act, procured by these two defendants, it being an invasion of the rights of the plaintiffs, they would be entitled, as a matter of law, to what we call actual or compensatory damages, for such as they naturally suffered by reason of such unlawful arrest."

The serious question arises on the record: The warrant does not charge a crime under the laws of this State. The evidence was all to the effect that it was taken out in good faith by the prosecutors. In such a case,

can the prosecutors justify their act on the ground that the warrant was procured in good faith? We cannot so hold.

We find the authorities in woeful conflict in other states, but not in this jurisdiction. The common law, which we have adopted in this State, was ever jealous of the personal liberty of the citizens. C. S., 970. Our Constitution condemns general warrants. Const. of N. C., Art. I, sec. 15.

"If the imprisonment is under legal authority it may be malicious, but it cannot be false. This is true where legal authority is shown by valid process, even if irregular or voidable. Void process will not constitute legal authority within this rule." 25 C. J., supra, 445-6.

"Where defendant complainant caused plaintiff's arrest and detention under a warrant in the issuance of which defendant actively participated and which was illegal because not fulfilling certain statutory requirements, it was held in reversing a judgment for plaintiff in malicious prosecution that the warrant under which plaintiff was arrested being void, the proper remedy was false imprisonment, and not malicious prosecution. McCaskey v. Garrett, 91 Mo., A., 354.

Ruffin, J., in Allen v. Greenlee, 13 N. C., p. 370-1, said: "If one person cause another to be arrested without process, it is trespass and false imprisonment. So if he arrest him upon process that is void in itself, or is issued by a court or magistrate having no jurisdiction. An action for malicious prosecution, on the other hand, is a special action on the case, for the abuse of the process of law, from malicious motives. It presupposes valid process, and case is given because trespass will not lie. It is given against the party suing it out, because the hand which executes the process is justified by it and is not guilty of a trespass. There being no other remedy, this special action is provided. In the case before us, the propriety of this rule is made very manifest. The charge in the warrant is for a mere civil injury, of which a justice of the peace has no jurisdiction. It constitutes no crime. But every fact alleged in the warrant is fully proved. That did not justify Greenlee in taking it out; because admitting the facts to be true, the magistrate could not take cognizance of the case, since it was not an indictable offense, nor a private wrong which he could redress." This principle is approved in Zachary v. Holden, 47 N. C., 453. S. v. DeHerrodora, 192 N. C., 749.

In Bryan v. Stewart, 123 N. C., at p. 96, the law as stated: "At common law there were two actions for an illegal arrest—one was where there was no legal excuse or justification for making the arrest, as where it was made without legal process, or, if made under the form of legal process, where the same was absolutely void. This was an action of trespass vi et armis. The other was where the process was erroneous,

but not absolutely void. This was an action of trespass on the case, and was subject to the rules and requirements, as if it were an action for malicious prosecution. Bishop on Contract Law, sec. 211; Corman Emerson, 71 Fed. Rep., 264; Pollock on Torts, 148."

The principle above is laid down in the *Bryan case,* but that case is distinguishable from the case at bar. The *Bryan case* was an order of arrest in a civil action, and the clerk was acting in his judicial capacity.

In *Wingate v. Causey,* 196 N. C., p. 72, the observation is made: "Three things must be alleged and proved in an action for malicious prosecution: (1) malice, (2) want of probable cause, and (3) termination of proceedings upon which the action is based. *R. R. v. Hardware Co.,* 138 N. C., 174, 50 S. E., 571." In false arrest or imprisonment all that need be shown is deprivation of one's liberty without legal process.

The present action was properly tried out as false arrest or imprisonment, and not malicious prosecution—which premises that the process is not void but irregular, erroneous or voidable. From the authorities in this jurisdiction, the charge of the court below was correct. The action was one for false arrest or imprisonment, and the warrant was void; it charged no criminal offense known to the law. The question of good faith has nothing to do with the charge of false arrest or imprisonment; it is presumed that the law is known to all, but good faith is very material on the question of damages. The charge on the measure of damages was correct. *Waters v. Tel. Co.,* 194 N. C., 188. A leading case contrary to the principle herein set forth is *Whalley v. Lawton,* 62 S. C., 91, 56 L. R. A., 649, but in that case there was a strong dissenting opinion.

As a rule, as in the present action, where defendants act in good faith, the jury give small actual or compensatory damages. We can see no reason in law for disturbing the judgment. There is

No error.