### J. F. CAUDLE v. TYRE G. BENBOW.

(Filed 10 December, 1947.)

**1. False Imprisonment § 2: Malicious Prosecution § 7—**

A complaint alleging the institution of a criminal action prompted by malice and the termination of the action by plaintiff's acquittal, and also that defendant caused plaintiff to be arrested on the warrant issued in the criminal action, is sufficient to state a cause of action for false arrest as well as malicious prosecution.

**2. Same: Pleadings § 24a—**

Where a complaint alleges a cause of action for malicious prosecution and a cause of action for false imprisonment, and the evidence at the trial shows that the warrant upon which plaintiff was arrested was void, the court, under our liberal practice, may try the action in conformity to the evidence and submit issues relating to false imprisonment.

**3. Malicious Prosecution § 2—**

An action for malicious prosecution must be predicated upon a valid warrant.

**4. False Imprisonment § 1—**

Good faith of defendant in procuring the issuance of the warrant does not preclude the recovery of actual or compensatory damages for false imprisonment, proof of express malice not being required, since malice may be inferred from the willful and purposeful doing of an unlawful act injurious to another.

**5. Appeal and Error § 39f—**

A charge will not be held for error as containing an expression of opinion on the facts involved when, construed contextually, the jury could not have been misled or improperly influenced thereby.

**6. False Imprisonment § 2—**

An instruction to the effect that actual malice is prerequisite to the award of punitive damages, but that the jury might consider, among other things, lack of probable cause upon the question of actual malice, is without error.

APPEAL by defendant from *Grady, Emergency Judge,* at February Term, 1947, of GUILFORD. No error.

*Walser & Wright and D. H. Parsons for defendant, appellant.*
*No counsel contra.*

DEVIN, J. The verdict established that the defendant had wrongfully caused the arrest of the plaintiff under a void warrant, and that the defendant was actuated by malice. Both compensatory and punitive damages were assessed, under separate issues, and from judgment on the verdict defendant appealed. Error is assigned chiefly on the ground that the complaint set out a cause of action for malicious prosecution, and that the court submitted instead issues pertinent to an action for false arrest, and that the case was tried on that theory. Defendant contends his motion for judgment of nonsuit should have been allowed.

True, the complaint alleged the elements of a malicious prosecution, that is, the institution of a criminal action, prompted by malice, and the termination of the action by plaintiff's acquittal. *Carpenter v. Hanes,* 167 N. C., 551, 83 S. E., 577; *Wingate v. Causey,* 196 N. C., 71, 144 S. E., 530; *Mooney v. Mull,* 216 N. C., 410, 5 S. E. (2d), 122. But the plaintiff also alleged "that in obedience to instructions from the defendant and through the Sheriff of Guilford County the aforesaid Justice of the Peace, on or about 24th day of April, 1945, did cause plaintiff to be arrested on said warrant." Thus, the allegations of the complaint, we think, are sufficient to constitute the basis for an action for false arrest as well as malicious prosecution, and that the trial of the action in conformity to the evidence offered as to false arrest would be permissible under our liberal practice. This is the holding in *Rhodes v. Collins,* 198 N. C., 23, 150 S. E., 492. The warrant upon which plaintiff was arrested at the instance of the defendant was admittedly void, hence technically the action for malicious prosecution which presupposes valid process would not lie. *Allen v. Greenlee,* 13 N. C., 370; *Bryan v. Stewart,* 123 N. C., 92, 31 S. E., 286; *Rhodes v. Collins,* 198 N. C., 23, 150 S. E., 492; *Melton v. Rickman,* 225 N. C., 700, 36 S. E. (2d), 276. Upon this being

made to appear, the court, without objection, submitted the issues arising in an action for damages for false arrest. The plaintiff testified he was arrested by an officer upon this warrant and held in custody for an hour until his recognizance could be taken. The defendant testified he had caused the issuance of the warrant upon which plaintiff was arrested but that he did so in good faith. Under these circumstances the defendant's good faith could not protect him from liability for actual or compensatory damages proximately flowing from his wrongful act. *Rhodes v. Collins, supra.* The motion for nonsuit was properly denied.

The defendant excepted to certain portions of the judge's charge to the jury, and assigns error in the instruction given on the second issue as to malice to the effect that the plaintiff, in order to lay the basis for an award of compensatory damages, was not required to prove express malice but that malice might be inferred from the willful and purposeful doing of an unlawful act injurious to another. The exception is without merit. The defendant also pointed out that in the court's charge on this subject, and in the elaboration of the instruction referred to, the court used language in defining the elements of malice, which, it is contended, might have been understood to contain the expression of an opinion on the facts involved, but, taking the charge as a whole and considering it contextually, we do not think the jury was misled or that they were improperly influenced thereby. No prejudicial error has been shown. *Collins v. Lamb,* 215 N. C., 719, 2 S. E. (2d), 863; *S. v. Hunt,* 223 N. C., 173, 25 S. E. (2d), 598.

On the issue as to punitive damages the jury was instructed in effect that before they could award smart money, in their discretion, they must first find by the preponderance of the evidence the presence of actual malice, and that they "had a right to take into consideration the lack of probable cause the man had for issuing the warrant, the degree of malice with which he was actuated in causing the arrest of the plaintiff, all his acts and conduct tending to show, if it does show, a reckless disregard of the plaintiff's rights." Exception was noted only to the instruction that the jury might consider, among other things, lack of probable cause. This exception cannot be sustained. *Kelly v. Traction Co.,* 132 N. C., 368, 43 S. E., 923; *Motsinger v. Sink,* 168 N. C., 548, 84 S. E., 847; *Miller v. Greenwood,* 218 N. C., 146, 10 S. E. (2d), 708.

Upon the whole case, considering the assignments of error brought forward in defendant's appeal as set out in his brief and orally presented in the argument, we think the result below should be upheld.

No error.