MRS. HELEN CHESSER v. MRS. SUE C. McCALL.

(Filed 9 March, 1949.)

**1. Automobiles §§ 8j, 18h (2), 18h (3)—**

Plaintiff's evidence tended to show that she was driving on a trip with defendant in defendant's car, that upon the car skidding to a hardly perceptible degree, defendant became excited and grabbed the wheel, pulling the car to the right and causing it to crash into a tree. *Held:* Plaintiff's evidence does not disclose such an emergency as to relieve defendant's action altogether of the imputation of negligence, and the issues of negligence and contributory negligence should have been submitted to the jury, and nonsuit was error.

**2. Trial § 22b—**

On motion to nonsuit, defendant's evidence which tends to discredit plaintiff's case is not to be considered.

APPEAL by plaintiff from *Nettles, J.,* December Term, 1948, of BUN-COMBE. Reversed.

This was a suit for damages for a personal injury alleged to have been due to the negligent action of the defendant.

It appeared from plaintiff's testimony that on the occasion alleged plaintiff and defendant were proceeding in defendant's automobile from Winston-Salem to Asheville. It had been raining and a light rain was falling. Near Hickory the defendant, who had theretofore been driving, became tired and asked plaintiff to drive. While plaintiff was driving, at the rate of about 25 miles per hour, on the right side of the highway, according to her testimony, "there was a slight skid, hardly noticeable, and she (defendant) reached over and grabbed the wheel, pulling the car to the right, and we crashed into the tree. Both my hands were on the steering wheel. I can't say how far the car went before it hit the tree but a very little distance off the highway. . . . For some reason Mrs. McCall became excited and reached over and grabbed the wheel and took control of it away from me." Plaintiff sustained injury in consequence.

The defendant offered evidence tending to show both plaintiff and defendant were observed after the accident to be under the influence of intoxicating liquor, and that plaintiff had not at first claimed defendant caught hold of the steering wheel. The defendant herself did not testify. On the other hand, the plaintiff testified in rebuttal : "I had not had any alcoholic beverages to drink on the day in question. Mrs. McCall had drunk a couple of beers." She denied making any statement which differed from her testimony at the trial.

At the close of all the evidence, the defendant's renewed motion for judgment of nonsuit was allowed, and plaintiff appealed.

*James S. Howell and Oscar Stanton for plaintiff, appellant.*
*Williams & Williams for defendant, appellee.*

DEVIN, J. The appeal from the judgment of involuntary nonsuit presents the question whether the plaintiff's evidence considered in the light most favorable for her was sufficient to carry the case to the jury.

We think it was, and that the judgment of nonsuit was improvidently entered. This view is supported by the decision in *Jernigan v. Jernigan,* 207 N.C. 851, 175 S.E. 713, where on similar facts nonsuit was reversed. The credibility of the testimony was for the jury. *Barlow v. Bus Lines,* 229 N.C. 382, 49 S.E. 2d 793. The plaintiff's evidence does not disclose

such an emergency as would relieve the defendant's action altogether of the imputation of negligence. *Sparks v. Willis,* 228 N.C. 25, 44 S.E. 2d 343; *Hoke v. Greyhound Corp.,* 227 N.C. 412, 42 S.E. 2d 593. Nor under her testimony may the plaintiff's action be dismissed on the ground of contributory negligence. *Lincoln v. R. R.,* 207 N.C. 787, 178 S.E. 601. *Bogen v. Bogen,* 220 N.C. 648, 18 S.E. 2d 162, is inapplicable here. While defendant's evidence tended to discredit plaintiff's case, on motion for nonsuit this evidence is not to be taken into consideration unless favorable to the plaintiff "except, when not in conflict with plaintiff's evidence, it may be used to explain or make clear that which has been offered by the plaintiff." *Harrison v. R. R.,* 194 N.C. 656, 140 S.E. 598; *Gregory v. Ins. Co.,* 223 N.C. 124, 25 S.E. 2d 398.

The judgment of nonsuit is
Reversed.