State v. Young

STATE OF NORTH CAROLINA v. ROGER W. YOUNG, ALIAS JAMES ROBINSON

No. 7126SC725

(Filed 15 December 1971)

1. **Indictment and Warrant § 12; Larceny § 4— larceny prosecution — amendment of warrant**

   In a prosecution on a warrant charging defendant with the larceny of two dresses valued at $155 from Belk Brothers Company, it was proper for the State to amend the warrant by inserting the words "a corporation" immediately following the words "Belk Brothers Company" and by inserting the word "felonious" between the words "the intent."

2. **Criminal Law § 138— increased punishment in superior court — original trial in district court**

   Defendant's constitutional rights were not violated when he received greater punishment in the superior court than in the district court.

APPEAL by defendant from *McLean, Judge,* 9 August 1971 Schedule "B" Criminal Session of Superior Court held in MECKLENBURG County.

In the district court the defendant was placed on trial on a warrant charging, in part material to this appeal, as follows:

"... [O]n or about the 1st day of March, 1971, the defendant named above did unlawfully, wilfully, STEAL, TAKE, AND CARRY AWAY TWO LADIES' DRESSES, OF THE VALUE OF $155.00, OF THE GOODS AND MERCHANDISE OF BELKS BROTHERS COMPANY, 115 E. TRADE STREET WITH THE INTENT TO APPROPRIATE SAME TO HIS OWN USE AND DEPRIVE THE LAWFUL OWNER OF SAME, IN VIOLATION OF G.S. 14-72 OF NORTH CAROLINA."

The defendant pleaded guilty and thereafter appealed from the judgment imposed in the district court.

When the case was called for trial in the superior court, the solicitor for the State, with leave of court, caused the warrant to be amended by inserting the words "a corporation" immediately following the words "BELKS BROTHERS COMPANY." The warrant was further amended by inserting the word "felonious" immediately following the word "THE" and immediately before the word "INTENT." The amendments were allowed over the objection of the defendant. The defendant thereupon entered

a plea of not guilty and was found guilty. The defendant appealed.

*Attorney General Robert Morgan by Associate Attorneys William Lewis Sauls and Christine A. Witcover for the State.*

*Lacy W. Blue for defendant appellant.*

VAUGHN, Judge.

**[1]**  The defendant, through his court-appointed counsel, brings forward two assignments of error. Defendant's first argument is that the court erred in allowing the State to amend the warrant in the superior court and in failing to grant his motion to quash. "Under our practice, our courts have the authority to amend warrants defective in form and even in substance; provided the amended warrant does not change the nature of the offense intended to be charged in the original warrant." *Carson v. Doggett* and *Ward v. Doggett,* 231 N.C. 629, 58 S.E. 2d 609. We hold that the court did not err in allowing the amendments to the warrant.

**[2]**  Defendant also assigns as error the fact that he received greater punishment in the superior court than in the district court. For the reasons stated in *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897, this assignment of error is overruled.

No error.

Judges BROCK and BRITT concur.