STATE OF NORTH CAROLINA v. JOHN M. KASSOUF

No. 748SC297

(Filed 19 June 1974)

1. Indictment and Warrant § 12— amendment of gambling warrant proper
       The trial court did not err in allowing amendments to the warrant charging defendant with a violation of G.S. 14-292 (gambling).

2. Constitutional Law § 30— speedy trial — no showing of prejudice
       The trial court properly denied defendant's motion to dismiss for failure to afford him a speedy trial where any delay in defendant's trial was precipitated by his own acts, defendant at no time demanded a trial, and defendant showed no prejudice resulting from delay.

3. Gambling § 4— quantum of proof for conviction — confusing instruction prejudicial
       The trial judge in a gambling case erred in instructing the jury on the quantum of proof necessary to convict defendant when he charged that "the State does not have to satisfy you beyond a reasonable doubt if they saw the defendant engaged in a game of chance and money was being bet on it. That would be enough for you to find the defendant guilty if you are satisfied of that beyond a reasonable doubt."

APPEAL by defendant from Webb, Judge, 12 November 1973 Session of Superior Court held in LENOIR County. Heard in the Court of Appeals on 17 April 1974.

This is a criminal action wherein the defendant, John M. Kassouf, was charged in a warrant with a violation of G.S. 14-292 (gambling). Defendant was tried in the District Court, found guilty, given a suspended sentence, and fined $25.00. Defendant appealed from this conviction and was afforded a trial *de novo* in the Superior Court. In the Superior Court, the defendant was found guilty; and from a judgment imposing an active sentence of six months, the defendant appealed.

*Attorney General Robert Morgan and Deputy Attorney General R. Bruce White, Jr., by Guy A. Hamlin for the State.*

*Turner and Harrison by Fred W. Harrison for defendant appellant.*

HEDRICK, Judge.

[1]   Defendant, by his first assignment of error, contends that the trial court erred in failing to allow his motion to quash the warrant and in allowing the State's motion to amend the warrant over defendant's objection. "Under our practice, our courts have the authority to amend warrants defective in form and even in substance; provided the amended warrant does not change the nature of the offense intended to be charged in the original warrant." *Carson v. Doggett* and *Ward v. Doggett,* 231 N.C. 629, 58 S.E. 2d 609 (1950). See also, *State v. Young,* 13 N.C. App. 237, 185 S.E. 2d 4 (1971). We hold that the court did not err in allowing the amendments to the warrant. Furthermore, *State v. Tarlton,* 208 N.C. 734, 182 S.E. 481 (1935), which defendant cites in his brief in support of this assignment of error is readily distinguishable from the instant case in that in *Tarlton* the State did not move to amend the warrant until *after* the verdict had been returned in the Superior Court.

[2]   Next, defendant asserts that the trial court erred in denying his motion to dismiss for failure to afford the defendant a speedy trial. In *Barker v. Wingo,* 407 U.S. 514 (1972), the United States Supreme Court listed the factors to be considered in determining whether a defendant has been denied the right to a speedy trial. These factors include: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right to a speedy trial; and (4) how such delay has prejudiced the defendant. The record reflects that any delay in the trial was precipitated by defendant's own acts; that defendant at no time demanded a trial; and, that defendant has not shown any

prejudice resulting from such delay. Considering these factors we conclude that the trial court properly denied defendant's motion.

[3] Next, defendant assigns as error that portion of the judge's charge to the jury which is set forth below:

> "(I charge for you to find the defendant guilty of gambling, the State must prove two things: the State must prove one of two things beyond a reasonable doubt. First, that the defendant bet money on a game of chance. A game of chance is a game of chance if the element of chance predominates over the element of skill. I instruct you card games on which money is bet are considered games of chance under our laws.)

> To the above paragraph in parentheses, defendant objects and excepts. EXCEPTION #10.

> (Second, the State does not have to satisfy you beyond a reasonable doubt if they saw that the defendant engaged in a game of chance and money was being bet on it. That would be enough for you to find the defendant guilty if you are satisfied of that beyond a reasonable doubt.)

> To the above portion of charge in parentheses, defendant objects and excepts. EXCEPTION #11."

We agree with defendant's contention that this part of the charge is in error.

The primary purpose of a charge is to give a clear instruction which applies the law to the evidence in such a fashion as to assist the jury in comprehending the case and in reaching a proper verdict. *State v. Williams,* 280 N.C. 132, 184 S.E. 2d 875 (1971); *State v. Biggs,* 224 N.C. 722, 32 S.E. 2d 352 (1944). In the case at bar, that portion of the charge which is quoted above is confusing and very easily could have misled the jury with regard to the quantum of proof which was necessary to convict the defendant. For this reason the defendant must be afforded a

New trial.

Judges BRITT and CARSON concur.